O. J. WEIDA v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

April 27, 1898.

Nos. 11,138—(94).

**Carrier—Order to Furnish Cars—Construction—Verdict Sustained by
Evidence.**

*Held*, that the verdict, based upon plaintiff's contention as to the
proper construction to be placed upon plaintiff's written order for cars,
delivered to and accepted by one of defendant's station agents, was
justified by the evidence.

Appeal by defendant from an order of the district court for
Houston county, Whytock, J., denying a motion for a new trial.
Affirmed.

The order referred to in the opinion, which was sent to defend-
ant's station agent, Lyman, at Caledonia, was in the following
form: "Lyman, I want to ship 2 cars pig tomorrow (30 ft.) 1–24–96.
Answer.   O. J. Weida."

*Duxbury & Duxbury*, for appellant.

*E. H. Smalley*, for respondent.

COLLINS, J.

The principal question upon the trial of this action was the con-
struction to be placed upon a somewhat crude written order given
by plaintiff to defendant's station agent at Caledonia for cars in
which to ship hogs over defendant's line of railway to Chicago.
The order was accepted by the agent, but, according to plaintiff's
interpretation of the same, the cars ordered were not furnished.

From Caledonia to Reno, about 14 miles, the railway is narrow
gauge, and from Reno it is of the standard gauge; rendering it
necessary to transfer all freight at the station last named.   It
seems to be conceded that one standard-gauge freight car will re-
ceive and carry the contents of two of the cars used upon the
narrow-gauge road, and it was plaintiff's contention at the trial
that his order, which was for two cars, should have been under-
stood and construed by the agent as calling for four of the narrow-

gauge variety, for loading at Caledonia, and two of the standard gauge at Reno. The contention of defendant seems to have been that but two of the narrow-gauge cars were ordered, and two only were furnished.

On the trial there was evidence tending to show that defendant's agent had, long prior to the giving of the order, instructed plaintiff to order standard-gauge cars, and that it was well understood between him and the agent that when cars were ordered the number specified always referred to those of standard gauge, not to those in use upon the narrow-gauge road, and also that prior orders given by plaintiff had all been construed as calling for the larger cars; in fact, that the uniform custom had been for plaintiff to state the number of cars needed by him, and for the agent to furnish double the number at Caledonia, and the exact number at Reno, when that place was reached. The evidence was ample to support a verdict based, as this was, upon plaintiff's contention as to the construction to be placed upon the order as to the number of cars needed at Caledonia.

Counsel for appellant argue several assignments of error, relating chiefly to the admission or exclusion of evidence. All have been examined, but none seem to require special mention.

Order affirmed.