BRUSH & STEPHENS CO. v. ROSS.

(Supreme Court, Appellate Term. June 28, 1906.)

**1. Account Stated.**

     An account stated cannot be based on bills for goods sold, made out to defendant long after the sale of the goods to a third person, merely because defendant retained them without objection; especially where bills covering the same claims had been rendered to the purchaser at the time of the transactions.

2. CONTRACTS—CONSIDERATION—PROMISE TO PAY ANOTHER'S DEBT.

To authorize recovery on a promise to pay the debts of another, a consideration for the promise must be shown.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contract, §§ 220–223; vol. 25, Cent. Dig. Guaranty, § 13.]

3. APPEAL—MODIFYING JUDGMENT.

Error can be rectified on appeal by way of modification, the fact on which the modification rests being conceded, and the error being from mere oversight.

Appeal from City Court of New York, Trial Term.

Action by the Brush & Stephens Company against William A. Ross. From a judgment for defendant, plaintiff appeals. Reversed and directed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Robert R. Reed, for appellant.

Pierre M. Brown, for respondent.

LEVENTRITT, J. All that can be gathered with any certainty from the very complex and confusing complaint is that the plaintiff attempted by means of four so-called "causes of action" to set up four theories, in the hope that perchance it might establish a single claim, which, supposedly, existed against the defendant. The origin of the claim is the sale and delivery of goods to a corporation known as Ross & Co. After a studious examination of the complaint, we are of necessity driven to accept the plaintiff's interpretation of the pleading, and that is briefed in this language:

"The first cause of action is on an account stated; the second against the defendant as purchaser; the third on his after-acquired ownership and promise to pay; and the fourth upon his promise to pay the debt of Ross & Company."

After certain special defenses had been stricken from the answer as a result of a demurrer, there remained, in effect, a general denial, except as to an item of $15, which the defendant admitted he owed. Some scattering evidence was offered tending to support one or more of the causes of action enumerated, but not sufficient to sustain any one of them.

An account stated could not be based on bills made out to the defendant long after the sale of the goods to the corporation, merely because he retained them without objection; especially in face of the fact that bills covering the same claims had been rendered to the corporation at the time of the transactions. That was substantially all that was proven to establish the first cause of action.

As to the next, the plaintiff in showing the foundation of its claim necessarily proved that the purchaser was the corporation, and not the defendant. The record does not disclose a word to the contrary. Consequently, that cause of action fell.

The third met a similar fate, because the plaintiff utterly failed to show "after-acquired ownership of the goods" by the defendant, even if proof of that fact could by any possibility have saved the cause of action.

And, finally, no consideration was shown for the alleged promise of the defendant to pay the debt of the corporation.

Although the case was not tried in the light of the plaintiff's construction of its own pleading, the learned trial justice would have been correct in dismissing the complaint were it not for the admission of the defendant that he owed $15. As the pleadings stood, the plaintiff could not be deprived of a recovery to that extent. There is no occasion, however, to subject the parties to a new trial, as the error can be rectified on this appeal by way of modification. The fact upon which the modification rests is conceded, and the error resulted from mere oversight. Snyder v. Seaman, 157 N. Y. 449, 52 N. E. 658; McNulty v. Mt. Morris El. Light Co., 172 N. Y. 410, 419, 65 N. E. 196.

The judgment as entered will be reversed, and a judgment directed in favor of the plaintiff in the sum of $15, without costs of this appeal to either party. All concur.