SEABOARD AIR LINE RAILWAY, *Plaintiff in Error*, v. A. F. ROBERTS, *Defendant in Error*.

Opinion filed January 20, 1916.

In an action to recover damages for watermelons lost because of the alleged negligence of a carrier in not furnishing cars to transport the melons, where the declaration alleges that the plaintiff planted and raised the melons which matured and were ready for shipment, and there is no allegation that the plaintiff had other melons that were mature and ready to be shipped, the recovery should be confined to the value of melons shown to have been planted and raised by the plaintiff and that were mature and ready to be shipped as alleged, but were not shipped because of the defendant's fault.

Writ of Error to Circuit Court, Alachua County; James T. Wills, Judge.

Judgment reversed.

*Hampton & Hampton*, for Plaintiff in Error;

*Williams & Hardee*, for Defendant in Error.

PER CURIAM.—Roberts brought an action against the railway company to recover damages for an alleged breach of contract and of legal duty to furnish cars for the transportation of watermelons, resulting as asserted in loss to the plaintiff.

In the first count of the declaration it is alleged "That relying upon the defendant's custom and duty to furnish empty cars in which to load watermelons at Curtis and Bell, and relying on the defendant's custom and duty to transport said watermelons when loaded, in said cars to other points, the plaintiff prior to the said month of June, planted and raised a large quantity of watermelons, at and near the said Curtis and Bell; that during the said month of June, the said watermelons were mature and ready to be loaded and shipped;" that the plaintiff gave the defendant notice a reasonable time beforehand that on stated days he would want a stated number of cars in which to load watermelons and ordered same to be placed, at specified times and places as alleged; that the defendant carelessly and negligently failed to place the full number of cars ordered by the plaintiff on specified days, and that on account of defendant's carelessness and negligence in failing to furnish or place said cars for the plaintiff as alleged, ten cars of watermelons, the property of the plaintiff, became too ripe, rotten and worthless and a loss to the plaintiff, for which stated damages were claimed.

The second count alleges "an agreement whereby the defendant contracted and promised the plaintiff to place" cars as alleged, with other allegations similar to those contained in the first count.

A demurrer to the declaration was overruled, and

the defendant pleaded generally, and also several special pleas, among them being one that the defendant did place "a sufficient number of cars for the plaintiff to have loaded his said watermelons, but the said plaintiff negligently and carelessly failed to accept and load the said cars so placed."

Replications to the special pleas were filed, some of which were sustained on demurrer and motion to strike. One of the replications alleges that the defendant may have placed a sufficient number of cars, but that said cars were not placed for the plaintiff, but for other shippers.

The pleadings are quite lengthy. Apparently the case was tried on the general issues and on special issues whether the defendant furnished cars to the plaintiff as required by its alleged contract or legal duty, and whether the plaintiff negligently and carelessly failed to accept and load cars duly furnished to him. There was judgment for the plaintiff, and the defendant took writ of error.

As it does not appear that the declaration is so defective that it wholly fails to state a cause of action, there was no error in overruling the demurrer to the declaration. It is not necessary to discuss in detail the questions made on the pleadings and the evidence.

Testimony was admitted as to the loss and value of watermelons not "planted and raised" by the plaintiff, but bought by him from others, and the amount awarded manifestly includes damages for such bought melons. The defendant was under the pleadings required to respond for losses of melons "planted and raised" by the plaintiff.

In view of the allegation of the declaration that "the

plaintiff prior to the said month of June, planted and raised a large quantity of watermelons, at and near the said Curtis and Bell; that during the said month of June, the said watermelons were mature and ready to be loaded and shipped," and the absence of allegations that the defendant at said time and place had other melons that were mature and ready to be loaded and shipped, the recovery should be confined to the value of melons shown to have been planted and raised by the plaintiff and that were mature and ready to be loaded and shipped as alleged, but were not loaded because of the defendant's fault. As the melons were not in fact tendered to the carrier, the proof should be clear and definite that damages as alleged were in fact sustained in the actual loss of marketable melons in the field, and that such loss was proximately caused by the defendant's unexcused breach of its contract or duty to furnish cars as alleged.

The judgment is reversed and a new trial awarded.

All concur except COCKRELL, J., absent by reason of sickness.