OLIN M. ALEXANDER, *Plaintiff in Error,* v. R. E. BALLARD, *Defendant in Error.*

Division B.

Opinion Filed May 17, 1928.

*Altman & Morrow,* Attorneys for Plaintiff in Error;

*Peacock & Parker,* Attorneys for Defendant in Error.

BUFORD, J.—In this case the declaration was in four counts, as follows:

"1. For money lent by the plaintiff to the defendant.

"2. For money paid by the plaintiff for the defendant at his request.

"3. For money received by the defendant for the use of the plaintiff.

"4. For money found to be due from the defendant to the plaintiff on accounts stated between them."

There was one plea of general issue, "That the defendant was never indebted as alleged." Upon the trial there was a judgment for plaintiff and writ of error was sued out.

The aspect of the proof most favorable to the plaintiff is to the effect that plaintiff was a real estate broker and that defendant procured his services to trade a piece of land at a trade-in value of $250,000.00 as a binder on another piece of land, which the defendant proposed to purchase, and that the defendant, prior to the consummation of the trade, agreed to pay the plaintiff 5% commission based on the trade-in value of the land. That plaintiff consummated the trade by which the defendant conveyed his lands which were located in the State of Alabama at the agreed value of $250,000.00 as a binder on the Florida lands which the defendant proposed to purchase and that the defendant failed and refused to pay plaintiff the commission for his services. There is no evidence to support either count of the declaration. There is no evidence that the defendant ever agreed after the service was rendered to pay the plaintiff any sum. There is no evidence that the defendant ever admitted after the closing of the deal that he was indebted to plaintiff in any particular sum. There is no evidence that a statement of account was ever rendered to the defendant which he admitted was correct. There is no evidence that the defendant received from the plaintiff, or from anyone else, any money in connection with the transaction.

In Ingram-Dekle Lumber Company, a corporation, v. Geiger, 71 Fla. 390, 71 Sou. 552, this Court say:

"The *allegata* and *probata* must meet and correspond, the issues being made by the pleadings to which the proofs must be confined. There can be no recovery upon a cause

of action, however meritorious it may be, that is in substance variant from that which is pleaded by the plaintiff.''

In this case the *allegata* and *probata* do not correspond. Therefore, judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.