K. K. EVERETT, doing business under the name and style of EVERETT FURNITURE STORE, *Plaintiff in Error*, v. WEBB FURNITURE COMPANY, INC., a corporation, *Defendant in Error*.

Division B.

Opinion filed October 25, 1929.

*G. H. Martin and Elbert B. Griffis,* for Plaintiff in Error;

*Baxter, Byrd & Walton,* for Defendant in Error.

BUFORD, J.—In this case defendant in error sued the plaintiff in error in the court below in an action of assumpsit. The declaration was originally in ten counts, all being common counts. At the trial plaintiff abandoned every count except that declaring on "accounts stated."

The alleged account stated, and which was offered in evidence, was the invoice for a car-load of furniture.

The defendant's plea was "never was indebted."·

Trial was had on the issues.

When the plaintiff had introduced all its testimony, defendant moved for a directed verdict, which was denied.

Defendant put in his testimony and the court, on motion, directed a verdict for plaintiff.

There are a number of assignments of error. It is not necessary for us to consider any of the assignments except the one based upon the action of the court in denying the motion of defendant for a directed verdict in favor of the defendant.

Plaintiff's evidence, as well as all the evidence when

considered together, fails to establish any dealings between the parties prior to the rendition of the alleged account stated.

The purported account stated was admitted by the plaintiff to be the original invoice for the car-load of goods. The evidence was that the shipment of goods was made and the invoice made out and mailed to the defendant co-incidentally.

There was no evidence that prior to the mailing of the invoice to the defendant, that the·defendant had in any way assumed to pay for the goods for which the invoice was made.

It might be assumed that if the plaintiff shipped the goods and afterwards the defendant received and accepted the goods, that such transactions between the parties would be sufficient to constitute a basis for an account stated, if the account stated was thereafter rendered to the defendant, but such is not the case here. In this case there is no evidence of any order to the complainants for the goods and the alleged "account stated" was rendered before the defendant had become liable, if he did become liable, by receiving and accepting the goods.

The rule that, account which has been rendered· and to which no objection has been made within a reasonable time may be regarded as admitted by the party to whom and against whom the account is rendered as prima facie correct, presupposes and assumes that there was some indebtedness between the parties. There can be no liability on account stated if in·fact no liability existed at the time the account was presented, and the mere presentation of a claim, although such claim is not shown to have been objected to, can not of itself create a liability. See 29 L. R. A. (N. S.) 346 Note; Nat. Cycle Mfg. Co. v. San Diego Cycle Co. 135 Cal. 335, 67 Pac. R. 280; Kellogg v. Roland

(N. Y.) 57 N. Y. Supp. 1064; Brush & S. Co. v. Ross, 99 N. Y. Supp. 796; Austin v. Wilson, 33 N. Y. St. R. 503; Davis v. Seattle Nat. Bank, 10 Wash. 65, 52 Pac. R. 526; Cooper v. Upton, 60 W. Va. 648, 64 So. E. R. 523.

The judgment should, therefore, be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, P. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.