SEABOARD AIR LINE RAILWAY COMPANY, a Corporation, *Plaintiff in Error,* v. S. G. GAY and W. F. LOVE, Formerly Co-partners Under the Firm Name of S. G. GAY, *Defendants in Error.*

En Banc.

Opinion filed February 27, 1930.

*Hampton & Hampton,* for Plaintiff in Error;

*S. L. Scruggs,* for Defendant in Error.

MATHEWS, Commissioner:

Defendants in error, plaintiffs below, brought an action against defendant railway company to recover damages for alleged breach of duty to furnish sufficient cars for transportation of watermelons resulting, as asserted, in loss to plaintiffs.

The amended declaration contains two counts.

A demurrer directed to the amended declaration was overruled. It does not appear that both counts of the declaration failed to state a cause of action. At the trial, plaintiff elected to rely upon the first count of the amended declaration—being the common law liability for failure to furnish cars.

Pleas of defendant were: not guilty, never promised, denial of alleged partnership, and failure to make written demand for cars.

In May, 1925, plaintiff, Gay, advised defendant the heaviest of the shipping season would be between the 8th and 20th of June, following. Defendant furnished a sufficient number of cars for all shippers until June 22, when one or more fields of melons appear to have ripened almost overnight. Plaintiff, Gay, told defendant's agent he wanted six cars for loading on the 23rd. The record does not show when he told agent this. Defendant operated only one train per day to this section. On June 22, plaintiff,

Gay, for himself and other shippers wired defendant's traffic manager in Jacksonville for forty ventilated cars to be delivered that night at Curtis and Bell by special train. Curtis and Bell are about four miles apart on defendant's line. One agent attends to both stations. Defendant did not furnish forty ventilated cars on the 22nd by special train, but did furnish quite a number of ventilated cars on the several days next following the 22nd.

The evidence shows no timely demand by plaintiffs for any specific number of cars on any certain day.

Ordinarily a shipper on reasonable demand is entitled to all the cars which he can properly load with freight to be transported over the carrier's line; but that is not an absolute right and the carrier is not liable if its failure to furnish cars was the result of sudden and great demand which it had no reason to apprehend would be made. Pa. R. Co. v. Puritan Coal M. Co., 237 U. S. 121, 59 L. Ed. 867.

The duty to furnish cars to shippers does not include the duty to carry them by special train. Needham v. Boston & M. R. Co., 82 Vermont 518, 74 Atl. R. 226.

The count of the amended declaration, on which plaintiff relies, wholly failed to allege any demand by plaintiff upon defendant for cars.

The pleadings should have alleged that plaintiff made timely demand upon the defendant for the required number of cars to be furnished on definite dates. S. A. L. Ry. v. Roberts, 71 Fla. 28, 70 So. R. 773; Di Giorgio Importing, etc., Co. v. Pa. R. Co., 104 Md. 693, 65 Atl. R. 425, 8 L. R. A. (N. S.) 108; Weida v. Chicago, etc., R. Co., 72 Minn. 102, 75 N. W. R. 121. And the allegations of the declaration should have been borne out by the evidence in the case. Alexander v. Ballard, 95 Fla. 950, 117 So. R. 96.

From an examination of the entire case, it appears that there has been a miscarriage of justice and that the court below should have granted a new trial.

The judgment is reversed and defendant awarded a new trial.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed and the defendant awarded a new trial.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.