PER CURIAM.
The appellant’s amended complaint alleged employment as a real estate broker '“to exert his best efforts to procure a pur■chaser” and that the appellees, defendants, .agreed to pay a reasonable sum for his services. The amended complaint also alleged that the appellant “duly performed all ■of the services on his part to be performed, .and made and rendered to Defendants an accurate statement * * * showing the commission earned by plaintiff in the sum of $5,250.00, which statement was received by Defendants and retained by them with.out objection * *
Upon motion by the defendants, the trial judge dismissed the complaint for failure to ■state a cause of action. We affirm.
The appellant contends that the complaint stated a cause of action in contract upon .an account stated.
There can be no liability on an .account stated if there has been no mutual agreement, and the mere presentation of a . claim and its retention without obj ection cannot of itself create a liability. See Alexander v. Ballard, 95 Fla. 950, 117 So. 96 (1928); Everett v. Webb Furniture Co., 98 Fla. 780, 124 So. 278 (1929); Rauzin v. Kupper, Fla.App. 1962, 139 So.2d 432. See also Meagher v. Kavli, 251 Minn. 477, 88 N.W.2d 871 (1958). Cf. Nelson v. Montana Iron Mining Company, 140 Mont. 331, 371 P.2d 874 (1962); 6 Williston, Contracts §§ 1862-1864 (rev. ed. 1938); 6 Corbin Contracts §§ 1290, 1305, 1312, 1313 (1962).
Affirmed.