204 So.2d 547 (1967)
W.C. NICOLAYSEN, Appellant,
v.
Franklin FLATO, Trustee, Appellee.
No. 621.
District Court of Appeal of Florida. Fourth District.
November 14, 1967.
Rehearings Denied December 20, 1967.
*548 Davis W. Duke, Jr., of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
MASON, ERNEST E., Associate Judge.
This is an appeal from a final judgment in favor of plaintiff in the amount of $179,521.80 based upon a verdict in that amount directed by the trial court at the close of all the evidence. Plaintiff sued on an agreement termed a guaranty executed by the defendant as part of a transaction whereby Flato Realty Investments, a trust, acquired a shopping center in Casper, Wyoming, from Sunrise Corporation in exchange for shares of the trust. Defendant, who was president of Sunrise Corporation, as a part of the transaction, executed and delivered to the plaintiff his personal guarantee that the annual gross rental income from the shopping center to the trust would be not less than $299,915.00, and that for any year that such rental income did not gross said amount, he, the defendant, would personally indemnify and pay to the plaintiff the difference between said last named amount and the actual gross rentals. Title to the property was taken in plaintiff as trustee for the trust. The agreement provided that within 60 days after the expiration of the fiscal year during which the gross rentals did not equal or exceed said sum of $299,915.00 plaintiff would deliver to defendant a written statement of the actual gross rental income received during said year. Then defendant would have 30 days from receipt of said statement to verify said statement and to seek any clarification or correction thereof. At the expiration of such 30-day period the defendant obligated himself to pay the plaintiff the sum by which said $299,915.00 exceeded the actual gross rental income for such year.
On October 30, 1963, five days after the end of the first year, plaintiff notified the defendant in writing that the gross rental income for such year ending October 25, 1963, was $137,994.20, and made demand upon defendant for the difference ($161,920.80) between the agreed figure of $299,915.00 and said actual income. Defendant took no action toward verifying the correctness of the sum received by plaintiff, nor did he pay, or offer to pay, said sum demanded of him within the 30-day period. Hence, this suit against him filed December 23, 1963, which seeks to recover from him the sum of $161,920.80.
In June of 1964, plaintiff filed an amendment to the complaint seeking to recover a deficit in gross rentals for that portion of the fiscal year beginning October 25, 1963, which ended on January 31, 1964, and which was the day prior to the day the shopping center was sold back to Sunrise Corporation.
Defendant filed several defenses to the action, among them being that he was not indebted as alleged, that the plaintiff was not the real party in interest, lack of consideration for defendant's guaranty, fraud in the inducement of the guaranty, mismanagement of the properties by the trust and release and discharge. The trial court struck all defenses except those contesting the amount claimed to be due and owing and those claiming release and discharge. At the conclusion of all the evidence the court *549 directed a verdict for the plaintiff for the sum claimed by him for the first fiscal year as demanded in his letter of October 30, 1963, with interest. He directed a verdict for the defendant on the plaintiff's claim for the second fiscal year.
The defendant has assigned error, charging that the court below erred in (1) failing to dismiss plaintiff's complaint for failure to state a cause of action, in (2) striking defendant's affirmative defenses of fraud in the inducement and lack of consideration, in (3) refusing to dismiss for lack of proper party plaintiff, in (4) refusing to direct verdict for the defendant on liability and damages, and in (5) directing verdict for the plaintiff, both as to liability and damages, at the conclusion of all the evidence.
We hold that all of the assignments of error are without merit except the ones raising the issue of the correctness of the trial court's direction of a verdict for the plaintiff on the issues of liability and damages.
The defendant's obligation, while using the language of guaranty, was in law more in the nature of a warranty. A guaranty is a collateral undertaking to answer for the debt, performance, or default of another. 38 C.J.S. Guaranty § 1; 30 Fla.Jur., Suretyship and Guaranty, § 27. Here there was no principal. A warranty, on the other hand, is a primary obligation wherein the undertaking is that the subject matter of a contract is or will be what it has been represented to be. 38 C.J.S. Guaranty § 4. Defendant warranted a minimum gross annual income from the shopping center and expressly obligated himself to pay any deficiency.
According to the terms of the warranty plaintiff sent defendant a written statement notifying him that a deficiency had occurred. Plaintiff contends that, coupled with defendant's failure to respond according to the warranty, this letter amounted to an account stated. As such its introduction into evidence would be prima facie proof of the correctness of the deficiency. With this we cannot agree.
An account stated must be based on prior dealings resulting in a subsisting debt. Everett v. Webb Furniture Co., Inc., 1929, 98 Fla. 780, 124 So. 278. It may not rest upon a liquidated demand, as here, which the defendant is already bound to pay. 1 CJ.S. Account Stated § 15(d). The basic premise of an account stated action, which presupposes some indebtedness, is that the statement fixing the various sums that constitute the debt is correct and not the existence of the debt itself. Whittington v. Stanton, 1912, 63 Fla. 311, 58 So. 489. In the instant case plaintiff sued on the warranty agreement and not on an account stated comprised of various items. He may not then take advantage of the presumption of correctness of an account to convert a demand notice of liability into proof of a deficiency within the terms of the warranty sued upon.
The letter sent by plaintiff is not unlike a notice of claim to an insurance carrier which then fails to acknowledge the same. Such notice would be admissible to show compliance with a condition of notice in the policy but, of course, would not be competent as proof of loss in a civil action against the insurer. Padgett v. North Carolina Home Insurance Company, 1914, 98 S.C. 244, 82 S.E. 409. 45 C.J.S. Insurance § 981.
The written statement was notice to defendant and hence admissible to show compliance by plaintiff with the terms of the warranty. It could not, however, be proof of the existence of a deficiency.
In this case we are unable to distinguish proof of damages and proof of liability. Without a deficiency in the gross rentals there was no breach and therefore no liability. Without proper proof of a breach, i.e., that gross rentals were less than $299,915.00, defendant incurred no liability. The deficiency must be proved by competent evidence, in this case the *550 books and records of plaintiff. What is necessary to prove a breach and thus liability is co-extensive with what is necessary to prove damages. This burden was not met by the plaintiff simply introducing into evidence the letter of October 30, 1963, which was nothing more than a demand that a certain amount be paid as claimed to be due under the agreement. Nor was the failure on the part of the defendant to answer the letter a binding admission on his part that the amount demanded of him was the actual deficit in the gross rental income for the period stated.
The judgment is reversed and the cause is remanded with direction to the trial court to vacate and set aside the judgment and verdict and to grant to the defendant a new trial on the issues of liability and damages for the first fiscal year ending October 25, 1963, only.
Reversed and remanded.
WALDEN, C.J., and McCAIN, J., concur.