480 So.2d 211 (1985)
Rudolph Waldo McKISSICK, Bishop C.D. Kinsey and Eugene Pryor, Appellants,
v.
Donald E. BILGER and Forbes W. Blair, Practicing Law under the Firm Name of Bilger & Blair, a Partnership, Appellees.
No. BE-278.
District Court of Appeal of Florida, First District.
December 23, 1985.
*212 Deitra Micks and Johnny F. Smiley, Jacksonville, for appellants.
Lawrence J. Bernard, Jacksonville, for appellees.
ERVIN, Judge.
This is an appeal from a final judgment awarding appellees, a law firm, $6,928.18 as unpaid legal fees, together with interest and costs. Liability was predicated on the theories of joint venture and account stated. Finding the proof legally insufficient as to both theories, we reverse the judgment entered.
Appellees were retained to represent a group known as the WCGL Broadcast Venture, for the purpose of procuring the sale of radio station WCGL, the preparation of FCC documents, and the drafting of incorporation papers on behalf of the members of the venture. Appellees made no personal contact with appellants, but rather with defendants Williams, Gamble and Thompson, not parties to this appeal. The law firm received two $500 checks and one $1,000 check later returned for insufficient funds. Appellants wrote none of the checks, and there was no written contract or retainer agreement between the attorneys and any of the appellants. The extent of appellants' active involvement in the purchase of the radio broadcast station was that two of the appellants, Pryor and McKissick, completed and returned to the firm stock-purchase questionnaires as prospective new stockholders, but did not sign them. The third appellant, Kinsey, never made any return. Additionally, the incorporation documents prepared by appellees shows that appellants were listed as directors of the corporation, which was established for the purpose of procuring the radio station.
In holding for appellees, the lower court relied primarily upon evidence disclosing that Williams  not a party to the appeal  represented to the law firm that he was speaking not only for himself, but also on behalf of the three appellants. The court, in finding the existence of a joint venture, relied upon Nichols v. Bodenwein, 107 Fla. 25, 146 So. 86 (1932), reh. den., 146 So. 659 (1933), holding that all joint adventurers are bound by the actions of one or more of the joint adventurers, provided that the contracting joint adventurer does not exceed the scope of his authority. See also Proctor v. Hearne, 100 Fla. 1180, 131 So. 173 (1930). Nevertheless, the above rule presumes the existence of a joint venture. A mere allegation that a joint venture is created is a legal conclusion, and is not sufficient in and of itself to state a cause of action. Kislak v. Kreedian, 95 So.2d 510 (Fla. 1957). In addition to the essentials of an ordinary contract, contracts creating joint ventures must show "(1) a community of interest in the performance of the common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits and (5) a duty to share in any losses which may be sustained." 95 So.2d at 515; McIntosh v. Harbour Club Villas Condominium, Association, 468 So.2d 1075, 1078 (Fla. 3d DCA 1985); 8 Fla.Jur.2d Business Relationships § 682 (1978). The above factors were lacking in both the evidence adduced and the facts alleged.
Although it is unnecessary for the purpose of establishing a joint venture that a written agreement be produced, the fact; however, that an agreement is not reduced to writing is "evidence, however slight, that no such agreement actually existed." Kislak v. Kreedian, 95 So.2d at 515. The only evidence corroborating defendant Williams' testimony that he was acting on behalf of appellants was, as stated, the appearance of appellants' names on the articles of incorporation as directors, *213 and the unsigned completion of questionnaires by McKissick and Pryor requesting information relating to the FCC application. As in Albert Pack Corporation v. Fickling Properties, Inc., 146 Fla. 362, 200 So. 907 (1941), there was no proof of the parties' participation in both the profits and losses of the venture; no actual investment by the alleged joint adventurers at the time the agreement was made; no contribution by them in material, money or services; nor, finally, any mutual control or joint interest exercised by the appellants that is essential to the establishment of a joint venture. Cf. Tidewater Construction Co. v. Monroe County, 107 Fla. 648, 146 So. 209 (1933) (evidence insufficient to prove creation of venture, despite contract providing that profits would be shared between construction company and paving company for the latter's oiling of road surfaces prepared by construction company, in the absence of any community of interest in the capital involved, joint liability of losses, or mutual control over the work to be performed).
The lower court also relied upon Martyn v. Amold, 36 Fla. 446, 18 So. 791 (1895), holding that once an account has been stated and rendered by one individual to another, the person receiving the account has a duty to examine the same and state any objections he has, and if said person fails to do so within a reasonable time, the account will be treated as being presumptively, by acquiescence, a stated account. Notwithstanding that rule, proof only of the custom of periodically sending statements to a number of persons, including the person or persons sought to be charged, is insufficient proof by itself to create the presumption that an account has been stated. United Hardware-Furniture Co. v. Blue, 59 Fla. 419, 52 So. 364 (1910). Neither does the presumption arise from proof of a person's failure to object when such person has had no dealing with the sender of the account. Id. Accordingly, the presentation of a claim and its retention without objection are insufficient facts to establish the presumption. Braun v. Noel, 188 So.2d 564 (Fla. 3d DCA 1966).
The evidence presented in the case at bar was legally insufficient to subject appellants to liability on the theories of joint venture and account stated.
REVERSED.
JOANOS and BARFIELD, JJ., concur.