PER CURIAM.
We reverse a final order dismissing a complaint. The dismissal, for failure to state a cause of action, was founded on the trial court’s evaluation of a contract attached to the complaint. The contract uses the term “joint venture” to describe appellant’s relationship with a bonded contractor. Appellant claims to be a subcontractor or materialman, and not a joint venturer, and therefore entitled to assert a claim against the bonding company, American Casualty. We have examined the ' complaint and the exhibit and conclude that it cannot be determined from the face of the pleadings that the plaintiff was in fact a joint venturer. Plaintiff should not be deprived of the opportunity to show that all of the elements of a joint venture are not present. Tidewater Construction Co. v. Monroe County ex rel. Phoenix Asphalt Paving Co., 107 Fla. 648, 146 So. 209 (1933); McKissick v. Bilger, 480 So.2d 211 (Fla. 1st DCA 1985); Phillips v. United States Fidelity & Guaranty Co., 155 So.2d 415 (Fla. 2d DCA 1963). Additionally, upon remand, plaintiff shall be afforded leave to amend. See Cudlipp v. Blue Chip Laundry, Inc., 476 So.2d 783 (Fla. 4th DCA 1985).
ANSTEAD, STONE and GARRETT, JJ., concur.