■ Fairfax Company, Appellant-Respondent, v Whelan Drug Co., Inc., Respondent-Appellant. — Order, Supreme Court, New York County (Robert E. White, J.), entered July 27, 1983, which denied the motion of plaintiff-appellant-respondent Fairfax and the cross motion of defendant-respondent-appellant Whelan for summary judgment, is modified, on the law, without costs, to the extent of granting summary judgment to defendant Whelan and dismissing the complaint and counterclaim, and otherwise affirmed.

This action is for a declaratory judgment determining the rights of the parties under a tax escalation clause contained in a 1976 lease of commercial premises owned by Fairfax and occupied by Whelan. The tax escalation clause provides for an annual 4.95% payment on any increases over the 1975 tax base year in "real estate taxes or assessments" or "any other * * * assessment * * * ordinary or extraordinary, foreseeable or unforeseeable". The last sentence of the clause reads, "The submission of a duplicate tax bill of the Landlord shall be deemed to be conclusive evidence of the payment of real estate taxes payable by the Landlord and should be the basis for computation of any additional rent to be paid hereunder by Tenant."

From 1979-1980, Fairfax converted the commercial building into residential units, at a cost of over $5.4 million, leaving Whelan as one of a few remaining commercial tenants. In connection with the residential conversion, Fairfax received a tax abatement and exemption pursuant to section J51-2.5 of the Administrative Code of the City of New York.

In 1975, base year taxes were assessed at $433,911. In 1981, after the conversions, real estate taxes were assessed at $962,125, but the actual tax bill, due to the J51 exemptions, was only $150,259.16.

Fairfax contends that the 4.95% payment is due based upon the $962,125 tax assessment, without regard to actual taxes paid, arguing that if the parties had wanted the clause to apply

only to actual taxes paid, they would have used more specific language.

Whelan contends that it was not required to make the 4.95% payment since there was no actual tax increase to Fairfax. Whelan also counterclaimed to recover its proportionate share of the actual reduction in taxes paid by Fairfax, due to the J51 abatements.

Both Fairfax and Whelan assert that no material issues of fact are in dispute and each seeks summary judgment in its favor. We are in agreement that no material issues of fact exist; the only issue is how the tax escalation clause is to be construed.

The tax escalation clause was meant to provide relief for the landlord where "assessed" tax required actual payment. In this case, the tax bill of Fairfax was actually reduced by over 50%. To allow a 4.95% payment on taxes not requiring actual payment would provide Fairfax with a windfall not envisioned by this clause. This interpretation is most clearly understood by the last sentence in the clause which allows for the submission of a duplicate tax bill as conclusive evidence of payment of taxes, the bill being the basis for additional payment. Summary judgment should, therefore, be granted for defendant Whelan and the complaint dismissed.

The counterclaim made by Whelan for recovery of a proportionate share of the actual reduction in taxes paid by Fairfax is also dismissed as no provision authorizing such reduction is contained in the lease or the tax escalation clause. Concur — Kupferman, J. P., Ross, Asch, Fein and Alexander, JJ.