■ DIAMOND & GOLOMB, P. C., Respondent, v VICTOR D'ARC, Appellant

Respondent, a professional corporation of attorneys licensed to practice in New York State, commenced this action against appellant to recover disbursements and fees for services rendered "over a period of time up to April 29, 1982." The Supreme Court granted summary judgment on the second and third causes of action for an account stated, finding that appellant had received and retained bills from respondent "without objection within a reasonable time". The court found appellant's averments insufficient to defeat the motion for summary judgment.

In his affidavit, appellant maintained that he had ceased using the services of respondent law firm in 1977 when he was referred by respondent to a New Jersey attorney who agreed to represent appellant in his divorce proceeding. Appellant claimed that respondent did no work and rendered no services to him in connection with the New Jersey divorce or any other matter since 1977. After receiving bills from respondent, appellant maintained he spoke with Irving Golomb, a partner in respondent law firm, by telephone. Although he did not specify the date of the conversation, appellant claimed that he questioned the "suspiciously large bills" and requested an itemized bill for the services rendered. He never received such a bill and in a conversation with Mr. Golomb, he was told that the bill was inflated to reflect the referral fee owed to respondent by the New Jersey attorney. Ultimately, appellant testified on respondent's behalf in an action against the New Jersey attorney to recover the fees owed to respondent.

"Evidence of an oral objection to an account rendered is sufficient on a motion for summary judgment to rebut any inference of an implied agreement to pay the stated amount" (Sandvoss v Dunkelberger, 112 AD2d 278, 279 [2d Dept 1985]). Appellant has related the name of the person to whom he made his protest and the substance of their conversation. Moreover, appellant's averments are sufficient to raise a triable issue as to the reasonableness of the balance he allegedly owed. One of respondent's bills for services rendered between August 25, 1977 and April 3, 1978 amounts to $23,250. However, the services are listed in only a cursory manner (e.g.,

"conferences, consultations and advices with respect to all the miscellaneous matters relating to the continued litigation" in New York State Supreme Court and New Jersey Superior Court) without any indication of the billable hours spent on these matters. Other bills sent by respondent are equally vague. In support of its claim that it rendered services to appellant after 1977, respondent has submitted copies it received of correspondence between appellant and New Jersey counsel, and certain court papers in the 1981 New York action instituted by appellant's former spouse. However, neither this correspondence nor the court papers gives any indication that respondent was actively involved in these matters. Consequently, appellant's retention of respondent's bills does not show an accord on the reasonableness of the charges (*Breed, Abbott & Morgan v Aberdeen Petroleum Corp.*, 46 AD2d 618 [1st Dept 1974]). We therefore reverse the grant of summary judgment and remand the matter to Supreme Court. Concur—Murphy, P. J., Ross, Kassal, Rosenberger and Ellerin, JJ.