■ Scheichet & Davis, P. C., Formerly Known as Schei-
chet & Elvin, P. C., Appellant, v Marlene Steinger, Respon-
dent.—Judgment, Supreme Court, New York County (Karla
Moskowitz, J.), entered April 18, 1991, in favor of plaintiff
against defendant awarding $13,842.50 inclusive of costs and
interest, representing the reasonable value of legal services
provided, unanimously affirmed, without costs.

Generally, receipt and retention of a law firm's accounts,
without objection within a reasonable time, and an agreement
to pay a portion of the indebtedness, gives rise to an account
stated *(Rosenman Colin Freund Lewis & Cohen v Edelman,*
160 AD2d 626).

Plaintiff commenced this action to recover unpaid legal fees
and disbursements in the total sum of $25,942. For purposes
of the summary judgment motion, defendant's claim was
sufficient to rebut any inference of an implied agreement to
pay the stated amount *(Diamond & Golomb v D'Arc,* 140
AD2d 183). While defendant did not deny that she was liable
to plaintiff for services rendered, she questioned the amount
due. Furthermore, plaintiff provided defendant with billing
statements which showed a balance due, but which did not
recite the nature of the services rendered or the hours ex-
pended. A copy of time sheets, coupled with explanations, was
provided at the hearing to assess damages. In addition, plain-
tiff testified that, based on its compilation of hours and costs,
plaintiff's ultimate bill came to $40,063, slightly more than
was asserted in its complaint. Thus, sufficient material ques-
tions of fact existed to warrant the IAS court's denial of
plaintiff's request for full summary judgment on the theory of
an account stated and to direct a trial to determine the
amount due, resulting in a judgment based on the reasonable
value of plaintiff's services *(Epstein Reiss & Goodman v Green-
field,* 102 AD2d 749). Concur—Rosenberger, J. P., Wallach,
Ross, Asch and Kassal, JJ.