■ SHEA & GOULD, Respondent, v CARLL S. BURR, III, et al., Appellants. [598 NYS2d 261] —Order of the Supreme Court, New York County (Stuart Cohen, J.), entered on or about February 13, 1992, which denied defendants' motion to vacate a default judgment and granted plaintiff's motion for partial summary judgment on its second cause of action for an account stated in the amount of $50,812.04, unanimously modified, on the law, to the extent of reversing so much of the order as grants

plaintiff summary judgment against defendant Carll S. Burr Realty and, except as so modified, affirmed, without costs.

It is alleged that, in February 1987, plaintiff entered into an oral retainer agreement with defendants to represent them in connection with an action entitled *Merrill Lynch Realty Assocs. v Burr;* that, on or about July 24, 1989, plaintiff sent defendants a bill for $55,812.04 for legal services performed and expenses incurred in connection with that litigation; that, in December 1989, a partner in plaintiff law firm telephoned defendant Carll S. Burr, III (Burr) to discuss the outstanding statement; and that, on or about December 21, 1989, plaintiff received a payment in the amount of $5,000. It is further alleged that plaintiff attempted to reach an agreement with defendants whereby the balance would be paid over an 18-month period at 10 percent interest, but defendant Burr did not execute and return a promissory note embodying these terms.

This action, seeking to recover the remaining balance on the ground of, *inter alia,* an account stated, was commenced on or about April 30, 1990. Defendant interposed an answer generally denying the allegations of the complaint. By notice of motion dated July 29, 1991, plaintiff moved for summary judgment for an account stated for the remaining balance, asserting that it was entitled to relief because defendants failed to object to the July 24, 1989 bill and because defendants assented to the bill by virtue of their $5,000 payment. Following two defaults in appearance in opposition to the motion, a default judgment was entered against defendants who, on December 13, 1991, moved to vacate their default. Supreme Court denied defendants' motion, finding: "Although defendants' default was unintentional and due to law office failure, no meritorious defense to the cause of action for account stated has been set forth. Although the bill plaintiff sent was not itemized * * * it is undisputed that the bill was sent and received and a partial payment made."

"An account stated is an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the separate items composing the account and the balance due, if any, in favor of one party or the other" *(Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 431). In this regard, "receipt and retention of plaintiff's accounts, without objection within a reasonable time, and agreement to pay a portion of the indebtedness, [gives] rise to an actionable account stated, thereby entitling

plaintiff to summary judgment in its favor" *(Rosenman Colin Freund Lewis & Cohen v Edelman,* 160 AD2d 626, *lv denied* 77 NY2d 802). Further, an attorney may contract with his client on the cost of his past or future services, and an account stated may exist between them *(Chisholm-Ryder Co. v Sommer & Sommer, supra).*

The failure to object to the unitemized bill for a period of five months suffices to give rise to an account stated, especially in view of the partial payment made. While " '[e]vidence of an oral objection to an account rendered is sufficient on a motion for summary judgment to rebut any inference of an implied agreement to pay the stated amount' " *(Diamond & Golomb v D'Arc,* 140 AD2d 183, quoting *Sandvoss v Dunkelberger,* 112 AD2d 278, 279; *Scheichet & Davis v Steinger,* 183 AD2d 479), defendants' allegations of protest are merely conclusory, as Supreme Court determined, and "failed to relate when and to whom the alleged telephone calls were made or to specify the substance of the alleged conversations" *(Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781, *appeal dismissed* 53 NY2d 1028).

However, plaintiff has not established that services were rendered to defendant Carll S. Burr Realty which, as defendants allege and plaintiff does not dispute, was represented in the subject litigation by independent counsel. Therefore, plaintiff's entitlement to summary judgment against this defendant has not been established. Concur—Rosenberger, J. P., Ellerin, Asch and Rubin, JJ.