OPINION OF THE COURT
Per Curiam.
Judgment entered May 23, 1992 affirmed, with $25 costs.
Pursuant to a lease dated July 7, 1975, respondent occupies ground floor retail space at 1100 Avenue of the Americas. Subsequent to the inception of respondent’s tenancy, petitioner, itself the net lessee of the premises, entered into a further net lease whereby nonparty Home Box Office, Inc. (HBO) took possession of the entire premises, including all of the office space located on the second through fifteenth floors, save the ground floor commercial storefronts, such as the demised premises. HBO undertook to pay and has paid the entire amount of the real property taxes assessed to the building since it took possession.
The parties have, from time to time, disputed respondent’s obligation to pay, as additional rent, a percentage of the increase in the real estate taxes. In this respect, the lease contains, in a preprinted form rider, a tax escalation clause, which provides: "Article 37 — Additional Rental: Tax Increases. Tenant shall pay as additional rental three (3)% of any increase in the amount of real estate taxes above those assessed for the fiscal year 1974-1975 against Lot No. 1, Block No. 1258, on the Tax Map of the City of New York, for the land and building of which the demised premises form a part, which may be laid, assessed or imposed upon the said property in any and every year during the period of this lease by any taxing authority or authorities having jurisdiction. Such additional rental shall be due and payable by Tenant to Landlord on the first day of the month following the ascertainment of any such increase, or, at the option of Landlord on the first day of any succeeding month. A tax bill shall be sufficient evidence of the amount of taxes and for calculation of the amount to be paid by Tenant.” The clause has been modified by subsequent agreement to the extent of changing the base year from fiscal year 1974-1975 to fiscal year 1982-1983, and permitting the additional rent to be paid quarterly, rather than annually.
Petitioner commenced the instant nonpayment summary *584 proceeding seeking base rent as of April 1991 and additional rent (attributable to the real estate tax escalation clause) beginning with the fiscal year 1990-1991. All of the affirmative defenses raised by respondent were rejected after trial, except the affirmative defense interposed during trial that the additional rent was not due on the ground that the tax escalation clause required that the petitioner (and not a third party) actually pay increased real estate taxes before the obligation to pay additional rent was incurred. The trial court, while it awarded judgment to petitioner, refused to award any amount as additional rent, finding that the tax escalation clause was meant to benefit the petitioner only when the petitioner actually paid the assessed real estate tax.
The beginning point of our analysis must, of course, be the language of the lease, which calls for the tenant to pay a specified percentage of real estate tax over the chosen base year which "may be laid, assessed or imposed”. As the clause at issue does not explicitly state whether actual payment of the tax by the landlord is a precondition to the imposition of additional rent, the instrument must be read as a whole to determine its purpose and intent (W. W. W. Assocs. v Giancontieri, 77 NY2d 157).
Tax escalation clauses, similar to that at issue here, have been construed as requiring actual payment on the part of the landlord before the tenant’s contractual obligation to pay additional rent is activated (see, S.B.S. Assocs. v Weissman-Heller, Inc., 190 AD2d 529). "Actual payment” does not require that the landlord has in all circumstances paid the assessed real estate tax but only that the obligation to do so is fixed and definite (see, Wall v Hess, 232 NY 472). What is intended is that the tax assessed will actually be paid by the landlord, resulting in an increased expense to the landlord, a proportionate share of which is to be borne by the tenant (see, Fairfax Co. v Whelan Drug Co., 105 AD2d 647).
In Wendel Found. v Moredall Realty Corp. (282 NY 239), the Court considered the meaning of a tax escalation clause which provided for the payment of "additional” rent when real estate taxes were levied, imposed, or assessed. The issue was whether, even though additional real estate taxes had been assessed, a percentage was payable by the tenant as additional rent, in view of the fact that the landlord was exempt from taxation. The Court was persuaded that, reading the lease as a whole, the parties had intended that no additional rent was due unless the landlord actually paid the real estate tax *585 assessment. Among other things, the lease provided that landlord would receive "net annual rental * * * without any deduction for taxes” (supra, at 245), indicating that the parties contemplated the payment of additional rent only to defray actual expenses paid by the landlord.
Similarly, in Fairfax Co. v Whelan Drug Co. (105 AD2d 647, supra), the Appellate Division, First Department, read a tax escalation clause as requiring actual payment of additional taxes by the landlord before additional rent was payable by the tenant. Although there had been an increase in the assessed tax, no increased amount of tax was actually paid by the landlord due to the application of tax exemptions. The intent of the parties was reflected in the language of the lease, the Court observing that the lease provided that a duplicative tax bill " 'shall be deemed * * * conclusive evidence of the payment of real estate taxes’ ”. (Supra, at 647; emphasis added.)
In Wendel (supra) and Fairfax (supra) the amount of tax paid was either extinguished or reduced. Here, it is argued, the amount of the ultimate tax burden is in reality increased, save that the obligation to pay has merely been shifted to another tenant. Although the shifting of the obligation to pay the assessed tax might not under all conceivable circumstances nullify the effect of a tax escalation clause such as is found here, we are guided by the Appellate Division, First Department’s, determination in S.B.S. Assocs. v Weissman-Heller, Inc. (190 AD2d 529, supra, affg NYLJ, Mar. 18, 1992, at 22, col 2 [Sup Ct, NY County, Saxe, J.]). In that action, the landlord had sold the premises to a cooperative corporation, but had retained a leasehold interest in the ground floor storefront premises. The landlord sought additional rent attributable to an increase in the real estate tax assessment, without diminution for the savings realized by the landlord by virtue of the lease negotiated with the cooperative corporation. The tenant argued that it was required to pay only a proportionate share of increased real estate taxes actually paid.
The Appellate Division affirmed the trial court’s finding that the landlord was entitled to additional rent only to the extent that it actually paid increased real estate taxes. "[0]ur decision in Fairfax Co. v Whelan Drug Co. (105 AD2d 647), established that a tax escalator clause is designed to afford relief to a landlord where an increased assessment required actual payment. To hold otherwise would allow the plaintiff- *586 landlord to reap a windfall not envisioned by the parties’ agreement.” (S.B.S. Assocs. v Weissman-Heller, Inc., 190 AD2d, supra, at 529-530.)
The facts in S.B.S. (supra) are legally indistinguishable from those in the present proceeding. As in S.B.S., the shifting of the obligation to pay the tax to other parties must be viewed as an event which releases the tenant from any obligation to pay increased costs which are merely theoretical. The parties, of course, were free to contract otherwise (Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211). We observe, in this regard, that petitioner’s practice of "whiting out” HBO’s name from the tax bills, and substituting its own, gives some indication that it had grounds to believe that it would not be entitled to the additional rent unless it actually paid the assessed real estate taxes.
In resolving a prior dispute, respondent "waiv[ed] any intention * * * to challenge, alter or modify its obligations [under the lease] as written.” We do not construe this language as barring its present defense. Nor, on this appeal, have we considered those arguments not advanced before the trial court.