■ 622 BUILDING COMPANY, L. L. C., Respondent, v EMPIRE BLUE CROSS AND BLUE SHIELD, Appellant. [724 NYS2d 300] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 16, 2000, which, to the extent appealed from as limited by the brief, granted plaintiff partial summary judgment on liability on its first and second causes of action, unanimously affirmed, without costs.

Defendant failed to submit any evidence to support its assertion, made in detail for the first time on appeal, that it was unreasonably barred by plaintiff from moving out of the subject building during regular business hours. Defendant has also failed to offer evidence supporting its assertion that its employees signed invoices for the disputed charges under duress (see, Kranitz v Strober Org., 181 AD2d 441). We have not given any weight to the affidavit of defendant's employee offered for the first time on sur-reply, even though we earlier declined to strike that affidavit from the record. In any event, that affidavit would not warrant a different result. Concur—Nardelli, J. P., Williams, Tom, Andrias and Buckley, JJ.

■ MARK S. RUDD et al., Respondents, v 176 WEST 87TH STREET OWNERS CORP., Appellant. [724 NYS2d 299] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered September 13, 2000, awarding plaintiff tenants a credit against the rent they owe defendant landlord, and bringing up for review an order which, upon conversion of the landlord's motion to dismiss the complaint to a motion for summary judgment, declared that under the parties' commercial lease calling for the tenants' payment of a specified share of any real estate tax escalations against the building, the tenants are entitled to a refund of rent representing their proportionate share of a real estate tax refund that the landlord received in a tax certiorari proceeding, unanimously affirmed, without costs.

We reject the landlord's argument that the tenants are not entitled to the refund they seek simply because the lease does not expressly provide therefor. To hold otherwise would allow the landlord to realize a profit from the tenants' compliance with a clause that was not intended to provide the landlord with a windfall (cf., Fairfax Co. v Whelan Drug Co., 105 AD2d 647; S.B.S. Assocs. v Weissman-Heller, Inc., 190 AD2d 529). Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.