■ WELLINGTON TOWER ASSOCIATES, L.P., Appellant, v NEW YORK FIRST AVENUE CVS, INC., Respondent, et al., Respondents. [770 NYS2d 859]—

Order of the Appellate Term of the Supreme Court, First Department, entered February 3, 2003, which reversed the judgment of the Civil Court, New York County (Cynthia Kern, J.), entered June 3, 2002, awarding money and possession to petitioner landlord for respondent tenant's nonpayment of additional rent, and held that tenant is entitled to the benefit of landlord's RPTL 421-a tax exemption in the determination of its additional rent obligation, unanimously affirmed, with costs.

The subject paragraph, entitled "Tenant's Tax Payment," does not evince an unequivocal intent that tenant's additional rent obligation for real estate taxes is to include real estate taxes that are refunded to or otherwise not actually paid by landlord due to an RPTL 421-a abatement. Such an intent is necessary since, as Appellate Term explained, landlord would "reap a windfall" were it permitted to recover additional rent for taxes it does not actually pay (*S.B.S. Assoc. v Weissman-Heller, Inc.*, 190 AD2d 529 [1993], citing *Fairfax Co. v Whelan Drug Co.*, 105 AD2d 647 [1984]; *see also Rudd v 176 W. 87th St. Owners Corp.*, 283 AD2d 202 [2001]; *1100 Ave. of Ams. Assoc. v Bryant Imports*, 234 AD2d 101 [1996]). We reject landlord's argument that such an intent is evinced by the paragraph's definition of taxes as, inter alia, all real estate taxes or other governmental levies assessed, levied or imposed on the building or land "without reduction for any abatement." Read as a whole, the paragraph requires tenant to pay the additional rent, or a reasonable estimate thereof, without reduction for any abatements, at least 30 days in advance of landlord's obligation to pay real estate taxes, and requires landlord thereafter to make adjustments in favor of tenant for any inaccuracies in its estimate or refunds it receives. The result is that ultimately tenant is to be credited for its proportionate share of any abatements obtained by landlord. We have considered and rejected landlord's other arguments. Concur—Nardelli, J.P., Andrias, Sullivan, Ellerin and Gonzalez, JJ. [*See* 2003 NY Slip Op 50558(U).]