# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

351
CA 11-01884
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

EKLECCO NEWCO, LLC, PLAINTIFF-APPELLANT,

V             MEMORANDUM AND ORDER

Q OF PALISADES, LLC, DOING BUSINESS AS QDOBA
MEXICAN GRILL, AND ROBERT A. LYON,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

YOUNG/SOMMER LLC, ALBANY (J. MICHAEL NAUGHTON OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, SYRACUSE (W. COOK ALCIATI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered July 21, 2011 in a breach of contract
action. The order denied plaintiff's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of plaintiff's
motion seeking summary judgment on the second, sixth, and ninth causes
of action and summary judgment dismissing the counterclaims and as
modified the order is affirmed without costs, and

It is further ORDERED that judgment be entered in favor of
plaintiff and against defendant Q of Palisades, LLC, doing business as
Qdoba Mexican Grill, in the amount of $172,305.12.

Memorandum: Plaintiff (hereafter, landlord) commenced this
action seeking, inter alia, to recover unpaid rent pursuant to the
terms of its commercial property lease with defendant Q of Palisades,
LLC, doing business as Qdoba Mexican Grill (hereafter, tenant). The
tenant's principal, defendant Robert A. Lyon, executed a guaranty of
the lease. In appeal No. 1, the landlord appeals from an order
denying its motion for summary judgment on the complaint and
dismissing the counterclaims and to strike defendants' affirmative
defenses. In appeal No. 2, the landlord appeals from an order denying
its motion for "leave to renew or reargue" those parts of its prior
motion for summary judgment on the first and second causes of action.

We note at the outset that, as limited by its brief, the landlord
has abandoned any issues with respect to those parts of its motion
seeking summary judgment on the first, third, fifth, seventh, and

eighth causes of action and to strike the affirmative defenses (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  With respect to the order in appeal No. 1, we agree with the landlord that Supreme Court erred in denying that part of its motion seeking summary judgment on the second cause of action, for past due rent against the tenant.  The landlord established that the tenant was obligated to pay rent pursuant to the terms of the lease and owed $172,305.12 in past due rent as of May 31, 2011, the time of its motion for summary judgment, and the tenant failed to raise a triable issue of fact (*see Crystal Run Newco, LLC v United Pet Supply, Inc.*, 70 AD3d 1418, 1419).  We therefore modify the order in appeal No. 1 accordingly, and we direct that judgment be entered in favor of the landlord and against the tenant in the amount of $172,305.12.

We further agree with the landlord that the court erred in determining that triable issues of fact existed with respect to the counterclaims and in denying those parts of its motion seeking summary judgment dismissing the counterclaims, and we therefore further modify the order in appeal No. 1 accordingly.  In the first counterclaim, for fraud in the inducement, defendants alleged that the landlord made misrepresentations concerning the number of annual visitors at the property and the sales volume of other tenants.  The required elements of a fraud cause of action are representation of material fact, falsity, scienter, reliance, and injury (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421; *Brenner v American Cyanamid Co.*, 288 AD2d 869, 870).  Here, the landlord established as a matter of law that defendants were prohibited from relying upon the representations of the landlord based on section 23.16 of the lease (*see Valassis Communications v Weimer*, 304 AD2d 448, 448, *appeal dismissed* 2 NY3d 794).  That section provided, in relevant part, that "Tenant acknowledges and agrees that neither Landlord nor any representative of Landlord nor any broker has made any representation to or agreement with Tenant relating to the Premises, this Lease or the Shopping Center which is not contained in the express terms of this Lease.  Tenant acknowledges and agrees that Tenant's execution and delivery of this Lease is based upon Tenant's independent investigation and analysis of the business potential and expenses represented by this Lease, and Tenant hereby expressly waives any and all claims or defenses by Tenant against the enforcement of this Lease which are based upon allegations of representations, projections, estimates, understandings or agreements by Landlord or Landlord's representative that are not contained in the express terms of this Lease."  Contrary to defendants' contention, that section was not a general merger clause, but rather it was a specific disclaimer that defeats defendants' allegation that they executed the lease in reliance upon the landlord's oral representations (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321).

Defendants' second counterclaim sought an accounting of the "additional rent" that the tenant paid as part of the lease agreement. We agree with the landlord that the counterclaim must be dismissed based on the doctrine of account stated.  " 'An account stated is an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the

separate items composing the account and the balance due, if any, in favor of one party or the other' " (*Shea & Gould v Burr*, 194 AD2d 369, 370).  In support of its motion, the landlord submitted the yearly statements it provided to the tenant that indicated the monthly charges, including charges for additional rent.  Defendants never raised any objection to those charges and, pursuant to the doctrine of account stated, they cannot object to them now (*see generally Francis W. King Petroleum Prods. v Geiger*, 231 AD2d 906; *Shea & Gould*, 194 AD2d at 371).

Finally, we agree with the landlord that the court erred in denying those parts of its motion for summary judgment on the sixth and ninth causes of action, seeking attorneys' fees against each defendant.  Both the lease and the guaranty contain a provision granting the landlord the right to recover attorneys' fees upon a default in paying rent, and those provisions are unambiguous (*see generally Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492).  We therefore further modify the order in appeal No. 1 accordingly.

With respect to the order in appeal No. 2, we dismiss the appeal from that order insofar as it denied the landlord's motion for leave to reargue certain parts of its prior motion (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984).  To the extent that the order denied the landlord's motion for leave to renew those parts of its prior motion, we affirm.  "A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]).  The court properly determined that, although the landlord submitted new evidence, the facts contained therein would not have changed the court's prior determination (*see Garcea v Battista*, 53 AD3d 1068, 1070).

Entered:  March 16, 2012                    Frances E. Cafarell
                                             Clerk of the Court