Dape Consulting Inc. v Next Trucking Inc. (2025 NY Slip Op 02128)

Dape Consulting Inc. v Next Trucking Inc.

2025 NY Slip Op 02128

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Kern, J.P., Kennedy, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 652712/23|Appeal No. 4091|Case No. 2024-04622|

[*1]Dape Consulting Inc., Plaintiff-Appellant,
v
Next Trucking Inc., Defendant-Respondent.

Morrison + Tenenbaum, New York (Joshua S. Androphy of counsel), for appellant.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about May 14, 2024, which denied plaintiff's motion for summary judgment on the cause of action for account stated, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in plaintiff's favor in the amount of $142,497.28, with statutory interest from August 12, 2023.
Plaintiff established prima facie entitlement to summary judgment on its cause of action for account stated by submitting evidence that it prepared and sent invoices to defendant in the ordinary course of its business; that defendant rendered partial payment, thus confirming that it received the invoices; and that defendant did not timely object to the invoices (see EPF Intl. Ltd. v Lacey Fashions Inc., 170 AD3d 575, 575 [1st Dept 2019]). Under the parties' agreement for transportation services, which plaintiff submitted on its motion, plaintiff agreed to submit its bills for payment within 30 days of delivery, and defendant agreed to pay any freight bills within 30 days of receipt. Furthermore, plaintiff's chief operating officer averred in an affidavit that plaintiff complied with all prerequisites to payment. Plaintiff also submitted invoices dated August 18, 2022 through July 13, 2023; copies of proofs of delivery that plaintiff submitted to defendant in connection with the transportation services provided; and a schedule of the unpaid balance dated September 18, 2022 through July 13, 2023. The invoices were dated, with terms of "net 30," and reflected all partial payments made.
In opposition, defendant failed to raise a triable issue of fact as to the existence of an account stated. Although the affidavit was submitted by defendant's principal, it does not assert that defendant never received the invoices. Further, although defendant's principal stated that defendant had already paid plaintiff the amounts due, she does not assert that defendant timely disputed those amounts. Accordingly, defendant is deemed to be bound by plaintiff's rendering of the account (see Cushman & Wakefield, Inc. v Kadmon Corp., LLC, 175 AD3d 1141, 1142 [1st Dept 2019]; Shea & Gould v Burr, 194 AD2d 369, 370-371 [1st Dept 1993]).
Although the complaint seeks damages of $168,881.56, all other documents included in the record on appeal, such as the affidavit of plaintiff's chief operating officer, support a damages award of $142,497.28. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025