City of New York v Crest Hous. Co., LLC

2026 NY Slip Op 03265

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The City of New York, Plaintiff-Respondent,

v

Crest Housing Co., LLC, et al., Defendants-Appellants.

Decided and Entered: May 26, 2026

Index No. 452282/22|Appeal No. 6715|Case No. 2025-03518|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Holland & Knight LLP, New York (Alexander Lycoyannis of counsel), for appellants.

Steven Banks, Corporation Counsel, New York (Hanna L. St. Marie of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered May 7, 2025, which to the extent appealed from as limited by the briefs, denied the motion of defendants Crest Housing Co., LLC, Better Housing Co., LLC, and HPA Holdings Co., LLC (collectively, the landlord) for summary judgment dismissing the complaint and on their counterclaims for a declaratory judgment and a money judgment for real estate tax arrears, and, upon a search of the record, awarded summary judgment to plaintiff tenant on both causes of action in the complaint, declaring that the landlord was entitled to additional rent for property tax escalations calculated only on the tax amounts that the landlord actually paid after applications of any abatements or credits and awarding damages for breach of contract, and dismissed the landlord's counterclaims and the affirmative defenses of account stated and laches, unanimously affirmed, with costs.

Supreme Court properly awarded summary judgment to the tenant, as the language of the parties' lease did not provide that the landlord was entitled to collect additional rent based on taxes that had been forgiven. On the contrary, the language of the tax escalation clause in the lease unambiguously defined the tenant's tax liability as 52% of any increase to the real estate taxes assessed beyond the amount assessed in fiscal year 2008, and the tenant's payment was triggered upon the landlord's supplying the tenant with "a copy of the Taxes bill showing that the Taxes ha[d] been paid" (see Wellington Tower Assoc. v New York First Ave. CVS, 3 AD3d 460, 461 [1st Dept 2004], lv dismissed 3 NY3d 690 [2004]). Although the landlord secured an abatement under the City's Industrial and Commercial Abatement Program, the abatement was nowhere mentioned within the tax escalation clause or the broader lease. Without a showing of "an unequivocal intent" by the parties that the tenant's tax share was to be calculated without consideration for taxes refunded, the agreement cannot be read to permit a landlord to "recover additional rent for taxes it d[id] not actually pay" (id.; see S.B.S. Assoc. v Weissman-Heller, Inc., 190 AD2d 529, 529 [1st Dept 1993] [real estate tax escalation clauses are "designed to afford relief to a landlord where an increased assessment required actual payment"]; cf. Barnan Assoc., LLC v 196 Owners Corp., 14 NY3d 780, 784 [2010]). Accordingly, the motion court properly read the tax escalation clause as inclusive of the abatement to the extent that it reduced the landlord's tax bill, and that the tenant's 52% share was to be calculated on the basis of the reduced tax bill.

[*2]

For the same reasons, the court properly dismissed the landlord's counterclaims seeking a declaratory judgment and payment of real estate tax arrears. Supreme Court also properly calculated and awarded a money judgment in the tenant's favor and against the landlord on the tenant's breach of contract action, awarding the tenant the amount that it overpaid based on the landlord's incorrect calculations and invoices.

Supreme Court properly dismissed the affirmative defense of account stated (see Shea & Gould v Burr, 194 AD2d 369, 370 [1st Dept 1993]). The landlord provides no support for its contention that the tenant acquiesced in the calculation method, nor could it, because account stated concerns the "correctness of the separate items composing the account and the balance due," not the formulas underlying the balance calculation to be applied prospectively in future invoices (id. at 370 [internal quotation marks omitted]). Supreme Court also properly dismissed the landlord's affirmative defense of laches, because, among other things, it failed to demonstrate any prejudice (see Reif v Nagy, 175 AD3d 107, 130 [1st Dept 2019], lv dismissed 35 NY3d 986 [2020]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026