■ HAROLD R. CLUNE, INC., Respondent, v HEALTHCO MEDICAL SUPPLY (HEALTHCO, INC.), Appellant. — Appeal from an order of the Supreme Court at Special Term, entered September 19, 1979 in Schenectady County, which granted a motion by plaintiff for summary judgment on an action for account stated, and which severed defendant's counterclaim for damages. Plaintiff sues to recover the sum of $6,681.71. The cause of action, based on the theory of an account stated, alleges that plaintiff delivered to defendant an account for goods and services sold and delivered in December of 1976, which it asserts was accepted by the defendant without objection. Defendant's answer denied the allegations of the complaint and sets forth two affirmative defenses and counterclaims for damages in the amount of $9,145.32, alleging that the goods supplied were defective. Defendant contends that it objected verbally to the account rendered as soon as it discovered the defects, which was shortly after the account was rendered. In opposition to plaintiff's motion for summary judgment, defendant contends that an issue of fact exists, precluding summary relief. We agree. Defendant asserts that it refused to pay until all defects were remedied and the account adjusted to reflect defendant's losses due to plaintiff's negligence. In granting plaintiff's motion for summary judgment, Special Term accepted plaintiff's theory that, as a matter of law, the account was stated. In determining whether an account stated exists, there must be a mutual agreement between the parties as to the correctness of the balance due. "The minds of the parties must meet upon the allowance of each item or claim allowed, and

upon the disallowance of each item or claim rejected. They must mutually concur upon the final adjustment, and nothing short of this in substance will fix and adjust their respective demands as an account stated" *(Lockwood v Thorne,* 18 NY 285, 288). Defendant, in its pleadings and the affidavit of Jim Ohlsen, has asserted that it made timely oral objection to the account rendered on the basis of defects in the goods and services provided by plaintiff. Special Term implied in its decision that oral objections would not be sufficient. However, the Court of Appeals in *Lockwood v Thorne (supra),* clearly held that evidence of oral objection to an account rendered is relevant and competent to rebut an inference of an agreement by acquiescence *(Lockwood v Thorne, supra,* p 291; see, also, *James Talcott, Inc. v United States Tel. Co.,* 52 AD2d 197). Accordingly, the order should be reversed and plaintiff's motion denied. Order reversed, on the law, with costs, and plaintiff's motion for summary judgment denied. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.