■ W. W. NORTON & COMPANY, INC., Respondent, v ROSLYN TARG LITERARY AGENCY, INC., et al., Appellants. — Order, Supreme Court, New York County, entered September 9, 1980, denying defendants' motion for summary judgment, without prejudice to renewal, is reversed, on the law, with costs, and defendants' motion for summary judgment dismissing the complaint is granted. Plaintiff's papers in opposition to the motion for summary judgment are wholly inadequate to raise a triable issue of fact. Plaintiff claims an agreement (apparently oral) whereby defendants would reimburse plaintiff for certain expenses incurred in litigation in France. Defendants, by affidavit of a person having knowledge of the facts, denied that there was any such agreement, and supported the denial with some showing of background facts. In opposition, plaintiff submitted merely an affidavit by an attorney without personal knowledge of the facts, which, in addition to denying defendants' version of a certain tangential telephone conversation between the attorneys, merely states that paragraph 6 of the verified complaint alleges an agreement between the parties. "It is incumbent upon a [party] who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [pleading] are real and are capable of being established upon a trial * * *. An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded" *(Di Sabato v Soffes,* 9 AD2d 297, 301; accord *Zuckerman v City of New York,* 49 NY2d 557, 560, 563). "The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" *(Indig v Finkelstein,* 23 NY2d 728, 729). If we were even to treat the verified complaint as an affidavit in opposition to the motion for summary judgment, the allegations in the complaint are too conclusory to withstand a motion for summary judgment (cf. *P.D.J. Corp. v Bansh Props.,* 29 AD2d 927, affd 23 NY2d 971; *Slavenburg Corp. v Opus Apparel,* 53 NY2d 799). Plaintiff's papers on this appeal refer to an affidavit by an officer of plaintiff served and then withdrawn on an aborted motion for reargument. As that affidavit is not in the record, we can pay no attention to it on this appeal; certainly we cannot speculate as to its contents. (Cf. *Zuckerman v City of New York,* 49 NY2d 557, 563, n 3, *supra.)* On this appeal, we obviously do not pass on the effect of such an affidavit if submitted on any future appli-

cation to Special Term; on such an application, Special Term would presumably have to determine on the facts then before it, including both the contents of the affidavit and the excuse given for the failure to produce it in opposition to the motion, whether plaintiff should be granted any relief. None of that is before us now. Concur — Murphy, P.J., Ross and Silverman, JJ.

Sandler, J., dissents in part in a memorandum as follows: The majority memorandum is unquestionably correct that on this record defendant was entitled to summary judgment. I believe that the able and experienced Special Term Judge understood that as well as we do. When his opinion is read in the context of the record, it seems to me quite likely that Special Term concluded that plaintiff had not submitted an affidavit on the critical issue by a person having knowledge of the facts, not because such an affidavit could not have been submitted, but because plaintiff's counsel mistakenly believed that the allegations in the verified complaint were legally sufficient to raise the issue. Rather than terminate the litigation on the merits in the face of that very real possibility, Special Term opted to deny the motion for summary judgment without prejudice to renewal. Implicitly recognizing this possible explanation for Special Term's determination, the majority memorandum, although granting summary judgment to the defendant, carefully indicates a possible route for remedial action. I think that a preferable (although unorthodox) method for achieving the same purpose under these circumstances would be for this court to vacate the order denying summary judgment and remand the motion to Special Term. If, as I have surmised, Special Term believed the failure to interpose an appropriate affidavit was the result of a procedural oversight by counsel, this disposition of the appeal would permit an opportunity for plaintiff to submit an appropriate affidavit so that the motion could be determined on the merits. If this analysis of what occurred is erroneous, no harm would be done. It would simply remain for Special Term to grant defendant's motion for summary judgment. Accordingly, the order of the Supreme Court, New York County, entered September 9, 1980 denying defendants' motion for summary judgment, should be modified by vacating the order, and remanding the motion to Special Term.