400 So.2d 1286 (1981)
MERRILL-STEVENS DRY DOCK COMPANY, Appellant,
v.
"CORNICHE EXPRESS" & Owner Myron Wisotsky, Appellee.
No. 80-1723.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Rehearing Denied August 7, 1981.
Richard F. Hayes, Coral Gables, for appellant.
Halpern & Shenberg and Barry Halpern, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The trial court properly entered judgment for defendant in this action to recover on an account stated where there was a dispute as to the performance of plaintiff's services, the value of the services and whether the services, if performed, were authorized.
For an account stated to exist as a matter of law, there must be an agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance. Harold R. Clune, Inc. v. Healthco Medical Supply, 433 N.Y.S.2d 52, 78 A.D.2d 914 (1980); Everett v. Webb Furniture Co., Inc., 98 Fla. 780, 124 So. 278 (1929). Cf. Dudas v. Dade County, 385 So.2d 1144 (Fla.3d DCA 1980) (account stated proved by implication); Robertson v. Goethel, 369 So.2d 365 (Fla.3d DCA 1979) (client engaged and accepted services); Breezy Bay, Inc. v. Industria Maquiladora Mexicana, S.A., 361 So.2d 440 (Fla.3d DCA 1978) (impliedly admitted to correctness of invoices); Basic Food Industries, Inc. v. Wackenhut Corp., 323 So.2d 1 (Fla.3d DCA 1975) (defendant failed to prove it had not requested services). The action for an account stated is an action for a sum certain, Monte Produce, Inc. v. Delgado, 126 Ariz. 320, 614 P.2d 862 (1980); Horace Mann Insurance Company v. Casualty Reciprocal Exchange, 383 So.2d 1040 (La. 1980); and where there is no such agreement *1287 between the parties, the plaintiff may not recover upon a theory of account stated, Crist Sod Company, Inc. v. Bruce, 599 S.W.2d 43 (Mo. App. 1980); Motive Parts Company of America, Inc. v. Robinson, 53 Ill. App.3d 935, 11 Ill.Dec. 665, 369 N.E.2d 119 (1977); Sunshine Dairy v. Jolly Joan, 234 Or. 84, 380 P.2d 637 (1963). Parties who have had a series of dealings with each other may reach a final accounting and agree on a balance due through an account stated, EIMCO-BSP Service Co. v. Valley Inland Pacific Constructors, Inc., 626 F.2d 669 (9th Cir.1980). After existence of account stated is proved, the account stated may be attacked only by proof of fraud, duress, mistake or other grounds cognizable in equity for the avoidance of an instrument. Gleason v. Klamer, 103 Cal. App.3d 782, 163 Cal. Rptr. 483 (1980).
Here the question is, was there agreement either express or implied giving rise to an account stated. The trial court fount the testimony of Myron Wisotsky that he repeatedly objected to the invoice amounts and the evidence showing that Wisotsky had specifically marked the invoices in disagreement as to the amount owed was proof that no agreement amounting to an account stated ever existed between appellant and Wisotsky. See, e.g. Sunshine Dairy v. Jolly Joan, supra. We find there is substantial competent evidence in the record to support the finding of the trial judge and will not disturb his finding on appeal. Basic Food Industries, Inc. v. Wackenhut Corp., supra.
Appellant, having pleaded and attempted to prove liability on a theory of account stated, is not entitled to recovery on another theory. Cooley v. Roman, 286 Or. 815, 596 P.2d 565 (1979).
The court having found no existence of an agreement establishing an account stated, appellant's claim for attorney's fees based on the alleged account stated is also denied.
Affirmed.