## FIRST DEPARTMENT, DECEMBER, 1981

### (December 1, 1981)**

■ MAY GLAZER, Appellant, v LOIS FALBERG, Respondent. — Order, Supreme Court, New York County (Sinclair, J.), entered May 19, 1981 denying plain-

---

* Not published with other decisions of August, 1981, 83 AD2d 910. [Rep.
** Complete text of decision appearing at 85 AD2d 502. [Rep.

tiff's motion for summary judgment on a contract and account stated against defendant, unanimously reversed, on the law, and plaintiff's motion granted, without costs. Plaintiff attorney was retained by defendant in connection with defendant's matrimonial disputes with her husband. The retainer was in writing and provided for the payment of $2,500 which was paid on account of services to be rendered at an hourly billing rate of $100 per hour to be billed monthly, and a lower rate for legal services performed by an associate of the plaintiff attorney. The client was to reimburse the attorney for out-of-pocket disbursements and the attorney reserved the right to terminate the relationship for nonpayment of fees or costs. Services were rendered by the plaintiff commencing within a day or two after receipt of the client's signed retainer agreement, together with the advance payment of $2,500. Such services continued for a period of one year. Monthly schedules of plaintiff's legal services and the time expended for each such service were forwarded to the defendant as agreed. The final schedule reflected 62.95 hours of legal services performed by plaintiff personally, and 19.15 hours by her associate. A final bill was rendered to the defendant to cover such services. No objection was ever interposed to any of these schedules or bills. Nor were there any complaints about the quality of the services. When plaintiff telephoned defendant requesting payment, defendant terminated plaintiff's services. Plaintiff furnished at defendant's request a summary statement together with a schedule of out-of-pocket disbursements showing a balance due of $5,622.06. Defendant never responded to plaintiff's demand nor did she dispute or object to its contents, nor did she make payment. Defendant obtained a substitution of attorneys in the matrimonial action, by order of the Supreme Court, Westchester County. Thereafter, plaintiff commenced this action. Special Term denied plaintiff's motion for summary judgment on the ground: "There exists [*sic*] triable issues of fact as to the amount owed, to be determined by the trier of fact." Special Term overlooked the fact that there was a signed written agreement, that plaintiff's affidavit established the performance of substantial legal services and that summary statements for legal service and out-of-pocket disbursements and bills had been rendered to the defendant. There was no evidence in opposition that defendant had disputed the services rendered or challenged the monthly schedules or the summary statement. A party opposing summary judgment must lay bare her proofs so that the matters raised in the pleadings are shown to be real and capable of being established upon trial (*Norton & Co. v Roslyn Targ Literary Agency,* 81 AD2d 798). One who seeks to defeat summary judgment must make a showing by producing evidentiary proof in admissible form showing facts sufficient to require a trial (*Zuckerman v City of New York,* 49 NY2d 557). The assertion, raised for the first time on appeal, that the agreement was unconscionable and that plaintiff failed to perform essential legal services is unsupported by any evidentiary showing. Nor is there any showing that defendant ever protested the agreement or plaintiff's performance as a lawyer prior to the institution of this suit. Nor was there objection to the monthly statements and final summary and bill. An account was stated (see *Fink, Weinberger, Fredman, Bergman & Lowell v Petrides,* 80 AD2d 781). It is plain that an account has been stated and that the plaintiff has established liability for breach of contract and on an account stated. Accordingly, plaintiff is entitled to summary judgment in the sum of $5,622.06, together with interest and costs, but without costs of this appeal. Concur — Kupferman, J. P., Ross, Silverman, Bloom and Fein, JJ.