■ PRUDENTIAL BUILDING MAINTENANCE CORP., Respondent, v BURTON SIEDMAN ASSOCIATES, INC., et al., Appellants. — Order, Supreme Court, New York County (B. Cohen, J.), entered August 27, 1980, insofar as it granted plaintiff's motion for partial summary judgment on an account stated in the amount of $121,454.54, plus interest from October 31, 1976, unanimously reversed, on the law, with costs and disbursements, and plaintiff's motion for partial summary judgment denied. Defendant Burton Siedman Associates, Inc., is the agent for defendants the Forty Exchange Company and Salz Realty, Inc. The latter two defendants own the building located at 40 Exchange Place. In June, 1969, plaintiff's predecessor, Prudential Window Cleaning Company, entered into an agreement with Siedman Associates as agent for the owners, whereby Prudential agreed to perform full cleaning services at the building in exchange for $8,150 per month plus $498.49 each time the window cleaning service was completed. Plaintiff ceased performing this service on October 31, 1976 because of the defendants' alleged failure to pay it in full. Plaintiff sent Siedman Associates monthly invoices and invoices for additional charges totaling $138,954.14. Siedman Associates retained the invoices without written protest but made payments of only $17,500. Plaintiff commenced suit to recover the balance and in its second cause of action alleged an account stated. Special Term granted plaintiff's motion for partial summary judgment on this second cause of action based upon the absence of written protest and the making of partial payment on the invoices by defendants. The record discloses that while defendants did not make written protest, they claim that they made oral protests regarding the additional charges and charges for vague "requested increases" contained in the invoices. Oral objections to an account stated are sufficient to defeat a motion for summary judgment (*Harold R. Clune, Inc. v Healthco Med. Supply* [*Healthco, Inc.*], 78 AD2d 914). It is also noteworthy that defendants did not pay the sums requested on the invoices for four years without objection from plaintiff, and the invoices appear vague. These circumstances indicate that the parties might not have reached a "meeting of the minds" on the final amount owed. When plaintiff sent defendants a final account in 1976, defendants rejected plaintiff's figures. Accordingly, an issue of fact exists precluding summary judgment relief. Concur — Sullivan, J. P., Ross, Markewich, Lupiano and Silverman, JJ.