■ ROLF H. G. SANDVOSS, Appellant, v MERILYN G. DUNKELBERGER, Respondent, et al., Defendant.—In an action, inter alia, to recover an attorney's fee, plaintiff appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), entered March 23, 1984, which, among other things, denied that branch of his motion which was for partial summary judgment against defendant Merilyn G. Dunkelberger on an account stated.

Order affirmed, with costs.

Plaintiff, an attorney, represented defendant Merilyn G. Dunkelberger (hereinafter defendant) in a matrimonial matter pursuant to a retainer agreement entered into on or about February 11, 1981. After the matter was resolved, plaintiff brought suit against the defendant alleging, in pertinent part, that the latter had failed to pay him for the legal services rendered pursuant to said retainer, and his disbursements. In moving for partial summary judgment, *inter alia,* on the theory of an account stated, plaintiff submitted three bills which had been signed by the defendant. Special Term denied plaintiff's motion and this appeal followed. We affirm.

If unrebutted, copies of the signed bills submitted by the plaintiff would constitute an account stated (*Glazer v Falberg,* 85 AD2d 938; *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429). However, in her affidavit in opposition to plaintiff's motion, defendant stated that she had orally objected to the bills rendered by the plaintiff, approximately one month after receiving the final bill. At the time, plaintiff allegedly agreed to reduce the outstanding bill by an unspecified amount, explaining that the bills had been inflated in order to help him receive a higher award of legal fees from her ex-husband. In her opposing affidavit, defendant offered specific, as opposed to general, allegations of protest in support of her position, as she related to whom and when her objections to the bills were made, as well as the substance of her alleged conversation with the plaintiff, in which he orally agreed to modify the final bill (*cf. Glazer v Falberg, supra; Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781, *appeal dismissed* 53 NY2d 1028). Evidence of an oral objection to an account rendered is sufficient on a motion for summary judgment to rebut any inference of an implied agreement to pay the stated amount (*Prudential Bldg. Maintenance Corp. v Siedman Assoc.,* 86 AD2d 519; *Harold R. Clune, Inc. v Healthco Med. Supply,* 78 AD2d 914).

Accordingly, Special Term's denial of that branch of plaintiff's motion which was for partial summary judgment on the theory of an account stated was proper. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.