(July 22, 1996)

■ BIRBROWER, MONTALBANO, CONDON & FRANK, P. C., Respondent, v SYDELLE C. COOPERSMITH, Appellant. [646 NYS2d 282] —In an action (1) to recover legal fees in two criminal matters handled by the plaintiff law firm on behalf of the defendant and (2) to recover disbursements in the criminal matters and in a medical malpractice action handled on behalf of the defendant, the defendant appeals (a) as limited by her brief from so much of an order of the Supreme Court, Rockland County (Barone, J.), dated March 7, 1995, as, upon reargument, adhered to its prior determination in an order dated September 8, 1994, which granted the plaintiff's motion for summary judgment to the extent of awarding the plaintiff $41,716.38 as and for costs and disbursements in the medical malpractice action, and (b) from a judgment of the same court, dated June 16, 1995, which

awarded the plaintiff legal fees of $5,700 for its representation of the defendant in the criminal matters.

Ordered that the order dated March 7, 1995, is modified, by deleting the provision thereof which adhered to the prior determination awarding the plaintiff $41,716.38 in costs and disbursements; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and so much of the order dated September 8, 1994, as awarded the plaintiff $41,716.38 is vacated; and it is further,

Ordered that the judgment is reversed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

The Supreme Court properly awarded the plaintiff summary judgment on the issue of the defendant's agreement to pay the costs and disbursements in connection with the medical malpractice action, as the defendant had admitted her liability for these expenses (*see generally, Greene v Greene,* 56 NY2d 86; Code of Professional Responsibility DR 5-103 [B] [22 NYCRR 1200.22 (b)]). However, in her papers in opposition to the plaintiff's motion for summary judgment and in her motion to reargue the defendant had contested some of the specific costs and expenses charged. Therefore, the plaintiff was not entitled to summary judgment on the issue of the exact sum for which the defendant was liable (*see, Sandvoss v Dunkelberger,* 112 AD2d 278). Furthermore, the plaintiff was not entitled to judgment on the issue of the defendant's liability for services rendered in the criminal matters without a hearing, where the exact terms of the parties' agreement regarding the plaintiff's representation of the defendant in these matters were in dispute. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.