PETERSON, J.
Emardo and Eloísa Mercado, husband and wife, appeal an adverse summary judgment entered on counts I, III, IV and V of a counterclaim filed by Lion’s Enterprises, Inc., d/b/a Lion’s luxury Villas (Lion’s).
Lion’s provided property management for the Mercados’ home that was rented to tourists on a weekly basis. Lion’s paid expenses from the rental income, but if expenses exceeded income, the Mercados were to reimburse Lion’s. When a deficit of $13,682.60 resulted and the Mercados failed to pay, Lion’s filed a lien against the home. The Mercados responded with an action to discharge the lien and for an accounting. Lion’s counterclaimed for breach of contract (count I), for an equitable lien (count II), for a constructive trust (count III), for an open account (count IV), and for an account stated (count V).
Lion’s motion for a summary judgment as to counts I, III, IV and V was granted. We vacate the summary judgment because the record indicates that issues of fact remain. See Visingardi v. Tirone, 193 So.2d 601 (Fla.1966); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977). The unresolved issues include:
1. The written contract between the parties indicates that a fee of $290 per month would be charged for Lion’s services that included a management fee of $100, pool and lawn maintenance of $160 and pest control of $30. The detail attached to the counterclaim as an exhibit indicates charges in excess of those contractual charges.
2. Lion’s support for its motion for summary judgment on count IV, an open account, required a showing that it was based upon a connected series of transactions with no break or interruption. Central Ins. Underwriters, Inc. v. National Ins. Fin. Co., 599 So.2d 1371 (Fla. 3d DCA 1992). The profit and loss statement and accompanying transaction reports that attempt to support the counterclaim do not contain a complete list of the items and services that the alleged debt of $13,682.60 represents. For instance, some paid items shown on the profit and loss statement are not included in the transaction detail, several duplicate payments appear on the transaction detail,[1] a charge for $1,000 in legal fees during the year 2000 appears on the profit and loss statement with no supporting documentation, there is no transaction detail for the rental income, and many check numbers are missing on the transaction detail.[2] These discrepancies create a factual question as to whether the amount of alleged indebtedness includes items and services that should not have been included, whether all items which were supposed to have been paid under the contract were in fact paid, and whether the actual balance shown is correct. Accord Myrick v. St. Catherine Laboure Manor, Inc., 529 So.2d 369, 372 (Fla. 1st DCA 1988) (citing Florida Shade Tobacco Growers, Inc. v. Jno. H. Swisher & Son, Inc., 369 So.2d 657 (Fla. 1st DCA 1979)); see also H & H Design Builders, Inc. v. Travelers’ Indem. Co., 639 So.2d 697, 700 (Fla. 5th DCA 1994).
Additionally, the Mercados’ original affidavits, reply, and answer all assert *756 that Lion’s committed fraud by taking the Mercados’ rental income and diverting it to Lion’s own use while failing to pay some of the Mercados’ mortgage and utility payments. These allegations appear to be sufficient to raise an issue of fact precluding summary judgment regarding Lion’s use of the funds entrusted to it and the accuracy of the profit and loss statements.
3. As to Count V — Account Stated, Lion’s alleged that it and the Mercados were parties to a business transaction. Lion’s further alleges that on February 29, 2000, they agreed to a resulting balance, Lion’s rendered an accounting to the Mercados, the Mercados did not object, and the Mercados owe Lion’s $13,682.60. For an account stated to exist there must be an agreement between the parties that a certain balance is correct and due and an express or implied promise to pay this balance. See Raben Builders, Inc. v. First Am. Bank and Trust Co., 561 So.2d 1229, 1232 (Fla. 4th DCA 1990) (citing Merrill-Stevens Dry Dock Co. v. Corniche Express, 400 So.2d 1286, 1286-87 (Fla. 3d DCA 1981)). Where there is no such agreement between the parties, there can be no recovery on this theory. See id. The action is premised on a sum certain and after it is proven, the account stated may be attacked only by proof of fraud, duress, mistake or other grounds cognizable in equity for the avoidance of an instrument. See id.
On its face, Lion’s claim appears to be sufficient. However, a close examination reveals that the exhibit attached to Lion’s counterclaim does not refer to a statement agreed upon and submitted to the Mercados on or before February 29, 2000. The exhibit covers November, 1998, to May, 2000. The subsequent pages are the incomplete and questionable transaction detail to support the three-year profit and loss statement. It would be impossible for the Mercados to agree to a balance of $13,682.60 on February 29, 2000, when that balance could not have been calculated until May 2000.[3] By relying on the exhibit as proof that Lion’s rendered an account to the Mercados which they agreed upon, Lion’s has called into doubt its own assertions in its counterclaim. The discrepancies discussed above raise an issue as to the accuracy of the account balance.
4. Lion’s complaint includes a facially sufficient count for a constructive trust. However, this claim was premised on an indebtedness shown on the attached exhibits. Accordingly, summary judgment was improper at least until such time as the factual issues surrounding the alleged indebtedness have been resolved.
5. The issue of attorney’s fees never arose during any hearing and, thus, an award of the same was improper. Nor was the award of attorney’s fees in accord with the requirements of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
The final summary judgment is vacated and we remand for further proceedings.
JUDGMENT VACATED; REMANDED.
COBB and HARRIS, JJ., concur.

. Duplicate charges and payments appear on the lawn care detail, the Sprint telephone detail, and pest control detail.

. A "1" has been used in numerous accounts for a check number along with the designation "bill.”

. The lien placed on the Mercados’ property on February 29, 2000 indicated that the amount due to Lion's was $12,788.27. There is no statement included in the record which would support this figure. Further, Lion’s placement of the lien on February 29, 2000, does not coincide with the Mercados' alleged agreement to pay the outstanding balance on that same day.