(June 9, 2005)

■ MORRISON COHEN SINGER & WEINSTEIN, LLP, Respondent, v B. GILES BROPHY, Appellant. [798 NYS2d 379]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about September 3, 2003, which granted plaintiff law firm's motion for summary judgment on its cause of action for an account stated for legal fees and disbursements in the amount of $128,939.78, unanimously reversed, on the law, without costs, and the motion denied.

Defendant retained plaintiff law firm by a retainer agreement dated May 2, 1994 in connection with a matrimonial matter. That agreement set forth hourly rates, a retainer fee, and when billings would be sent to defendant, and stated that any hourly fee rate increase would require prior notification and consent. That agreement also provided that any additional matters would be billed in a similar fashion. Plaintiff subsequently provided representation to defendant in a matter involving a different family law dispute as well as in an action brought by a bank. In 2003 plaintiff commenced this action for legal fees based on breach of contract, account stated, quantum meruit and unjust enrichment. After issue joinder, plaintiff moved for summary judgment on its claim for an account stated based on a summary statement which included all invoices from July 1995 to October 2002. The IAS court granted plaintiff's motion on the basis of the submitted invoices and the failure of defendant to object in a timely manner. Plaintiff's evidence did not, however, establish that any of the invoices were properly addressed and

mailed, so plaintiff should not have been afforded the presumption of receipt (*see Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]). Plaintiff failed to submit any evidence of a regular office mailing procedure, the dates when any of the disputed invoices were mailed, or whether any of the mailings included cover or transmittal letters (*compare Lankler Siffert & Wohl, LLP v Rossi*, 287 F Supp 2d 398, 409 [SD NY 2003]). It is of particular note that several of the invoices appear to have been dated years after services were rendered, a clear violation of the billing procedure described in the retainer agreement given as evidence of notification and consent. Several of the invoices reflect increased billing rates, yet there is no proof that defendant was notified or consented to the rate hikes, again in apparent violation of the retainer agreement. In light of these billing flaws, defendant's claimed silence cannot be interpreted as an unequivocal assent to the balance stated (*see Epstein Reiss & Goodman v Greenfield*, 102 AD2d 749 [1984]).

Finally, it is troubling that, while plaintiff claims to have provided services to defendant in connection with two separate family law matters, there is only one retainer agreement, an apparent violation of 22 NYCRR 1400.3, which may serve as a complete bar to fee recovery (*see Mulcahy v Mulcahy*, 285 AD2d 587 [2001], *lv denied* 97 NY2d 605 [2001]). Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.