■ In the Matter of Moshe Fruchter, Respondent, v New York City Department of Housing Preservation and Development, Appellant, et al., Respondent. [828 NYS2d 344]—

Order and judgment (one paper), Supreme Court, New York County (Karen S. Smith, J.), entered November 25, 2005, which granted petitioner's application to annul respondent New York City Department of Housing Preservation and Development's (HPD) determination denying petitioner succession rights to the subject Mitchell-Lama apartment, and remanded for further proceedings, unanimously affirmed, without costs.

HPD's recourse for terminating a successor lease it never approved was for the housing company to commence lease termination proceedings pursuant to 28 RCNY 3-18 (*see e.g. Matter of Verdell v Lincoln Amsterdam House, Inc.*, 27 AD3d 388 [2006]). Instead, HPD improperly proceeded pursuant to 28

RCNY 3-02 (p), which provides the process by which an individual can seek to succeed to the apartment of a family member. Nothing in 28 RCNY 3-02 gives HPD or the housing company the authority to initiate or prosecute proceedings regarding improperly obtained family succession rights. The application court also properly determined that petitioner's CPLR article 78 proceeding was commenced within four months of his receipt of HPD's adverse determination (CPLR 217). HPD's evidence does not support a presumption that petitioner received the determination earlier than he claims (*see Morrison Cohen Singer & Weinstein, LLP v Brophy*, 19 AD3d 161 [2005]). We have considered HPD's other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Catterson, JJ.