■ In the Matter of NORMA ROMERO-MITCHELL, Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Appellant. [5 NYS3d 58]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered April 8, 2013, granting the petition, brought pursuant to CPLR article 78, seeking to annul the determination of respondent, New York City Department of Housing Preservation and Development (HPD), dated August 22, 2011, to evict petitioner from an apartment in a Mitchell-Lama building, unanimously affirmed, without costs.

In or about 1970, petitioner, then a minor, moved into the subject cooperative apartment with her mother. Years later, in 1975, shortly before her 18th birthday, petitioner was issued shares in the housing corporation, as a joint owner with right

of survivorship. Under these circumstances, the court properly found that petitioner should not have been required to establish entitlement to occupancy pursuant to HPD's succession rules (*see* 28 RCNY 3-02 [p]). Rather, the court properly determined that petitioner is entitled to remain in occupancy until the housing corporation establishes at a hearing before HPD that a ground exists to terminate her occupancy and evict her pursuant to 28 RCNY 3-18. The housing corporation's and HPD's treatment of petitioner as an applicant for succession rights does not define her status (*see e.g. Matter of Fruchter v New York City Dept. of Hous. Preserv. & Dev.*, 36 AD3d 500 [1st Dept 2007]).

The housing corporation's bylaws and Mitchell-Lama's regulatory scheme clearly indicate that ownership of cooperative shares is tied to the occupancy agreement (*see* 28 RCNY 3-06 [c]). Moreover, the succession guidelines provided to petitioner by the housing corporation state that "Stock Certificates and Occupancy Agreements are treated as one; therefore all changes are always done simultaneously." Under these circumstances, in the absence of any explanation for the change in ownership and lack of a corresponding change in the occupancy agreement, the absence of an occupancy agreement between petitioner and the housing corporation is not dispositive.

The court properly considered petitioner's argument that HPD's succession rules are inapplicable, since HPD reached and determined the issue (*compare Matter of Klapak v Blum*, 65 NY2d 670, 672 [1985] [Court of Appeals would not review issue argued on appeal, as it was not considered by the administrative agency]). The court also properly refused to consider the occupancy agreement for the apartment, as the agreement was not submitted to HPD at the administrative hearing (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]).

We have considered HPD's remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.