Schwartz v 170 W. End Owners Corp. (2018 NY Slip Op 03899)





Schwartz v 170 W. End Owners Corp.


2018 NY Slip Op 03899


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6717 102124/15

[*1]Martha Schwartz, Plaintiff-Appellant,
v
170 West End Owners Corp., Defendant, ACP Realty Group Inc., Defendant-Respondent.


Don Savatta, P.C., New York (Don Savatta of counsel), for, appellant.
Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 3, 2017, which, insofar as appealed from as limited by the briefs, granted the motion of defendant ACP Realty Group Inc. (ACP) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
ACP demonstrated its entitlement to judgment as a matter of law in this action where plaintiff alleges, inter alia, breach of the warranty of habitability. ACP submitted the affidavit of its employee, who noted that all the conditions cited in the complaint were remedied, apart from those requiring access to plaintiff's apartment, which she denied.
In opposition, plaintiff failed to raise a triable issue of fact. Based on the affirmation of plaintiff's attorney, it appears that the only remaining condition that was not remedied was the excessive mechanical noise from the fans on the roof, due to the alleged failure to install vibration isolators. However, the attorney's affirmation was insufficient to raise a triable issue of fact, as he lacked personal knowledge of the operative facts (see W.W. Norton & Co. v Roslyn Targ Literary Agency, 81 AD2d 798 [1st Dept 1981]). Although a verified complaint which sets forth evidentiary facts may be sufficient, here, the Housing Court previously made a finding that plaintiff's allegations that the problems on the roof were not addressed were incorrect.
Plaintiff asserts that her claim for damages due to personal injuries should not have been dismissed. However, she failed to present evidence sufficient to raise a triable issue of fact as to whether her medical problems and those of her daughter were caused by the conditions in the apartment. The medical records attached to the complaint contain only their allegations of a link between their medical issues and the conditions in the apartment (see Kent v 534 E. 11th St., 80 AD3d 106, 114 [1st Dept 2010]).
Plaintiff contends that there were issues of fact concerning whether ACP violated the stipulation of settlement of the Housing Court proceeding, based on the noise code violations found by her expert. However, the stipulation of settlement at paragraphs 1-3 made the owners of the building responsible to correct conditions on the roof that may have caused the noise violations. Plaintiff's assertion that paragraph 4 of the stipulation made ACP also responsible to correct violations is erroneous, since that paragraph stated that ACP's responsibility was limited by the provisions of the proprietary lease, which made the owners solely responsible for roof repairs.
With respect to dismissal of plaintiff's claim for a permanent injunction, such relief is inappropriate unless a clear right to such relief is shown (see Second on Second Café, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 265 [1st Dept 2009]). Here, the court properly determined that plaintiff presented no evidence of a clear right to such relief.
Plaintiff's claim for punitive damages was also properly dismissed in that she failed to [*2]present evidence concerning ACP's malicious, fraudulent or evil motive and the conduct alleged in the complaint was not sufficiently egregious (see Marinaccio v Town of Clarence, 20 NY3d 506, 512 [2013]; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 614 [1994]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK