Penthouse Global Media, Inc. v The Exec. Club LLC (2020 NY Slip Op 05290)





Penthouse Global Media, Inc. v The Exec. Club LLC


2020 NY Slip Op 05290


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. 653291/2016 Appeal No. 11905 Case No. 2020-00614 

[*1]Penthouse Global Media, Inc., Plaintiff-Respondent,
v
The Executive Club LLC, Defendant-Appellant.


Alison I. Blaine, New York, for appellant.
Pryor Cashman LLP, New York (Jamie M. Brickell of counsel), for respondent.



Order , Supreme Court, New York County (Nancy M. Bannon, J.), entered July 12, 2019, which granted plaintiff's motion for partial summary judgment on its claims for breach of contract, account stated, and trademark infringement and denied defendant's cross motion for summary judgment dismissing those claims and on its counterclaims, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
On plaintiff's motion, the facts must be viewed "in the light most favorable to defendant[]" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]). Viewed in such light, it is not clear whether plaintiff performed under the parties' contract. Thus, summary judgment should not have been granted in its favor. Similarly, defendant is not entitled to summary judgment dismissing the contract claim. On defendant's motion, the facts must be viewed in the light most favorable to plaintiff (see id.).
Summary judgment should not have been granted to plaintiff on its account stated claim. A factual issue exists as to whether the March 17, 2016 invoice was actually mailed to defendant (see Morrison Cohen Singer & Weinstein, LLP v Brophy, 19 AD3d 161, 161-162 [1st Dept 2005]) or that defendant retained it without objection for a reasonable time (cf. Shea & Gould v Burr, 194 AD2d 369, 371 [1st Dept 1993] [five months is reasonable time]).
Plaintiff was not entitled to summary judgment on its trademark infringement claim. The evidence raises a triable issue of act as to whether patrons were confused that defendant was still affiliated with plaintiff (GBL § 360-k; see Allied Maintenance Corp. v Allied Mechanical Trades, Inc., 42 NY2d 538, 543 [1977]). 
We have considered defendant's arguments as to why its motion for summary judgment on its counterclaims should have been granted and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020