## JPMorgan Chase Bank, N.A. v Selka

2024 NY Slip Op 30613(U)

February 21, 2024

Supreme Court, Kings County

Docket Number: Index No. 518904/2021

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Term, Part 52 of the
Supreme Court of the State of
New York, County of Kings,
located at 360 Adams Street,
Brooklyn, New York 11201
on the 21th day of February
2024.

HONORABLE FRANCOIS A. RIVERA

———————————————————X

JPMORGAN CHASE BANK, NA,

**DECISION & ORDER**
Index No. 518904/2021

Plaintiff

-against-

LEAH SELKA,

Defendant

———————————————————X

Recitation of the papers considered on the notice of motion filed by plaintiff JPMorgan Chase Bank, N.A. on August 11, 2023, under motion sequence one, for an order pursuant to CPLR § 3212, granting summary judgment in plaintiff's favor against defendant Leah Selka and striking the defendant's affirmative defenses asserted in the answer. Plaintiff Leah Selka has opposed the motion.

-Notice of motion
-Statement of material facts
-Affirmation in support
-Affidavit in support
     Exhibits A-G
-Affirmation in opposition
-Affidavit in opposition
     Exhibits A-B
-Affirmation in reply
-Response to plaintiff's statement of material facts

**BACKGROUND**

On July 29, 2021, plaintiff commenced the instant action by filing a summons and complaint with the King's County Clerk's office (KCCO). On January 13, 2022, the defendant interposed and filed a verified answer. The complaint alleges seven allegations of fact in support

of two causes of action. The first cause of action is for a breach of an agreement. The second cause of action is for an account stated.

The complaint alleges the following salient facts. Plaintiff is a National Bank that administered an account used by the defendant. The defendant breached the agreement governing the account by failing to make periodic payments as required. The current account balance due and owing to the plaintiff is $52,261.61. In accordance with federal regulations, monthly periodic statements for the account were provided to the defendant and kept by the defendant without appropriate objection. Based on the plaintiff's records there are no unresolved billing disputes related to the account.

**LAW AND APPLICATION**

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio*, 81 NY2d 1062, 1064 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez*, 68 NY2d at 324).

Pursuant to CPLR 3212 (b), a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Furthermore, all the

[* 2]

evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [2d Dept 1990]).

Plaintiff seeks summary judgment on its causes of action for breach of contract and to recover on an account stated. The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*Pare v Aalbue*, 222 A.D.3d 769 [2d Dept 2023]). An account stated requires "an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*D & N Lending, LLC v Tachlis Corp.*, 221 AD3d 954, 955 [2d Dept 2023] quoting *Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850, 851 [2d Dept 2011]).

In the case at bar, the only sworn testimony submitted by the plaintiff in support of the motion was an affirmation of John J. Sheerin, its counsel (hereinafter Sheerin), and an affidavit of Damina Jovell, an authorized signing officer for the plaintiff (hereinafter Jovell). Sheerin's affirmation demonstrates no personal knowledge of any of the transactional facts alleged in the complaint. An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance (*Nerayoff v Khorshad*, 168 AD3d 866, 867 [2d Dept 2019], quoting *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2d Dept 2006]). Sheerin's affirmation refers to the affidavit of Jovell and the exhibits referenced in Jovell's affidavit to support the motion.

Jovell's affidavit contains the following averred facts, among others. The defendant opened an account with the plaintiff or its predecessor for the purpose of obtaining an extension of credit on February 3, 2006. Plaintiff provided defendant with the cardmember agreement

("CMA") governing the Account, which contained the terms and conditions applicable to defendant's account. It is plaintiff's regular practice to generate and provide customers with written notification of changes to the terms and conditions ("Change in Terms") contained in the CMA. After opening the account, defendant did use or authorize the use of the account for the acquisition of goods, services, or cash advances. Defendant failed to make the required payments on the account and a demand for payment has been made.

Plaintiff provided defendant with periodic billing statements for the account, which described the charges, interest, fees, payments, credits, and the amount due on the account. The last payment on the account was on or about March 20, 2020, in the amount of $1,068.00. The last charge, balance transfer, cash advance, or other debit that defendant initiated and charged to the account was on or about March 24, 2020, in the amount of $22.83. The account charged off on January 31, 2021. The total amount of credits and payments since charge off is $0.00. Credit has been given to defendant for all just and lawful offsets, payments, and credits as of the signing of this affidavit.

Jovell's affidavit does lay a proper foundation for admission as business records of the amendments to the credit card agreement and the monthly billing statements (*see* CPLR 4518[a]; *PennyMac Corp. v Arora*, 184 AD3d 652, 655 [2d Dept 2020]). However, no evidence that those documents were mailed to the defendant was provided. Jovell did not attest to personal knowledge of the mailings or of standard office practice and procedure designed to ensure that items were properly addressed and mailed, and the business records did not evince the mailing of the account documents (*see Deutsche Bank Natl. Trust Co. v Dennis*, 181 A.D.3d 864, 866 [2d Dept 2020]; *Citibank, N.A. v. Conti-Scheurer*, 172 AD3d 17, 21 [2d Dept 2019]).

[* 4]

Absent evidence that the billing statements were mailed to the defendant, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated (*see Morrison Cohen Singer & Weinstein, LLP v Brophy*, 19 AD3d 161, 162 [2d Dept 2005]). Similarly, absent evidence that the amendments to the credit card agreement were mailed to the defendant, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the breach of contract cause of action (*see Deutsche Bank Natl. Trust Co. v Dennis*, 181 AD3d 864, 866 [2d Dept 2020]; *Citibank, N.A. v Conti-Scheurer*, 172 AD3d 17, 21 [2d Dept 2019]).

## CONCLUSION

The motion by plaintiff JPMorgan Chase Bank, N.A. for an order pursuant to CPLR § 3212, granting summary judgment in plaintiff's favor against defendant Leah Selka and striking the defendant's affirmative defenses is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.

**HON. FRANCOIS A. RIVERA**