**Tam-Zegarra v Pleroma Mgmt, LLC**

2025 NY Slip Op 32285(U)

June 26, 2025

Supreme Court, New York County

Docket Number: Index No. 652019/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**

*Justice*

PART                    11M

--------------------------------------------------------------------------X

FIONA TAM-ZEGARRA,

                          Plaintiff,

                    - v -

PLEROMA MGMT LLC,PLEROMA MEDIA INC

                          Defendant.

--------------------------------------------------------------------------X

INDEX NO.            652019/2025

MOTION DATE          06/10/2025

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11 were read on this motion to/for                                    DISMISSAL                                    .

Upon the foregoing documents, the motion to dismiss is granted in part.

## Background

In December of 2024, Fiona Tam-Zegarra ("Plaintiff") signed an independent contractor agreement with Pleroma MGMT, LLC (collectively with Pleroma Media Inc the "Defendants"). The agreement stated that Plaintiff would serve as Head of Communications for Defendants for the rate of $11,000 a month until the agreement terminated. She alleges that while she performed under the agreement, Defendants failed to pay her the full amount due. In March of 2025 she filed a complaint with the New York City Department of Consumer and Worker Protection alleging violations of the Freelance Isn't Free Act ("FIFA"). Plaintiff brought the present proceeding that same month, pleading causes of action sounding in breach of contract, violation of N.Y.C. Admin. Code 20-929, account stated, unjust enrichment, and quantum meruit.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true

**652019/2025   TAM-ZEGARRA, FIONA vs. PLEROMA MGMT LLC ET AL**
**Motion No.  001**

Page 1 of 5

[* 1]

and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 [1994].

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

**Discussion**

Defendants bring the present motion to dismiss all claims except for the breach of contract cause of action for failure to state a claim. Plaintiff opposes the motion. For the reasons that follow, the motion is granted as to the fourth and fifth causes of action and denied as to the rest.

*The Complaint Adequately Pleads a Claim Pursuant to N.Y.C. Admin. Code § 20-928*

Defendants first argue that the agreement in question does not fall under the purview of FIFA because the agreement in question does not satisfy the requirements laid out in N.Y.C.

652019/2025   TAM-ZEGARRA, FIONA vs. PLEROMA MGMT LLC ET AL          Page 2 of 5
Motion No.  001

2 of 5

[* 2]

Admin. Code § 20-928(b)(2). This provision requires that when a hiring party retains the services of a freelance worker, there must be a written contract containing an itemization of all services to be provided by the freelance worker. The agreement here simply states that Plaintiff would "provide services as may be requested." While Defendants are correct in their observation that the agreement violates the requirements for freelance worker contracts, they err in concluding that such a violation necessitates dismissal of Plaintiff's claims. Plaintiff's claim for a FIFA violation is made pursuant to N.Y.C. Admin. Code § 20-933(a)(1), which states that "a freelance worker alleging a violation of this chapter may bring an action in any court of competent jurisdiction for damages as described in subdivision b of this section." Here, Plaintiff has alleged that the Defendants' payment practices violated FIFA, a claim that is not negated because the agreement also violates another provision of FIFA. A written agreement that violates § 20-928(b)(2) does not *remove* a freelance worker's ability to pursue claims under FIFA, it instead provides another basis for a worker to bring a claim. In other words, the written contract requirements are not a hurdle that must be met in order for a freelance worker to be entitled to the protections of FIFA but are instead one of the available protections itself. *See, e.g., MJ Lilly Assoc., LLC v. Ovis Creative, LLC*, 221 A.D.3d 805, 805 [2nd Dept. 2023].

<u>*The Account Stated Claim is Adequately Pled*</u>

Defendants move to dismiss the third cause of action for account stated on the grounds that Plaintiff has not provided "adequate documentary evidence" to show that an invoice was sent. In defense of their argument that a copy of an invoice is necessary, Defendants cite to case law regarding the summary judgment standard, not the pre-answer motion to dismiss stage. *See, e.g., Morrison Cohen Singer & Weinstein, LLP v. Brophy*, 19 A.D.3d 161 [1st Dept. 2005]. Here, Plaintiff has alleged that she "performed work for Defendants in exchange for monthly payments

[* 3]

of $10,044.00 and constantly demanded payment thereof in writing." Defendants have not established that providing copies of the invoices in question is necessary to survive a motion to dismiss. Defendants also move to dismiss this claim as duplicative of the breach of contract claim. The First Department has recently clarified that "an account stated claim is an independent cause of action that is not duplicative of a claim for breach of contract." *Aronson Mayefsky & Sloan, LLP v. Praeger*, 228 A.D.3d 182, 183 [1st Dept. 2024]. Therefore, dismissal of the third cause of action as duplicative of the breach of contract claim would be improper.

*Because the Agreement is a Valid, Enforceable Written Contract, Dismissal of the Fourth and Fifth Causes of Action is Proper*

Defendants move to dismiss the unjust enrichment and quantum meruit claims as duplicative of the breach of contract claim. A plaintiff may plead quasi-contract claims in the alternative when "the existence and validity of a contract is the subject of a bona fide dispute." *Khadem v. Stonehill and Taylor Architects, P.C.*, 234 A.D.3d 595, 595 [1st Dept. 2025]. If, however, there is no dispute as to the existence or validity of the contract, dismissal of the alternative claims is proper. *Id*. Here, Defendants have conceded that the agreement between the parties is a valid and enforceable contract. Plaintiff has likewise consented to dismissal of these causes of action should the Court find that the agreement between the parties is a valid and enforceable written contract. Therefore, the fourth and fifth causes of action should be dismissed as duplicative. Accordingly, it is hereby

ORDERED that the fourth and fifth causes of action are dismissed as duplicative; and it is further

ADJUDGED that the motion to dismiss is denied as to the remaining claims; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

20250626094705LFRANKAFDC660C7A21498E819E76DE68092600

__6/26/2025__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

652019/2025   TAM-ZEGARRA, FIONA vs. PLEROMA MGMT LLC ET AL
Motion No.  001

Page 5 of 5

[* 5]